OPINION
Defendant-appellant, Kisun Wilson, appeals his conviction in the Butler County Court of Common Pleas on charges of felonious assault, assault and improper discharge of a firearm. We affirm.
The charges against appellant stemmed from three separate incidents. The first was a December 3, 1994 shooting at the home of Tina Bryant. Tina, her sister Alicia, Tina's three children and Alicia's four children live in an apartment on Welliver Drive in Hamilton. Alicia's boyfriend, Toriano Ross, was visiting that day. At one point, Ross left the apartment by the back door to visit a neighbor.
Shortly thereafter, Alicia walked out the back door on the way to another resident's apartment. About this time, Ross was returning from the neighbor's apartment. Alicia observed appellant standing on the right side of the street and Ali Taylor standing on the left side. She saw appellant pull a handgun and start firing. Ross ran in the back door of the Bryant apartment. Tina Bryant had been heading upstairs in the apartment when she heard a loud noise. She came back downstairs and saw that the back storm door window was shattered. Police found a bullet ricochet hole on the clothes dryer.
The next day, Tina and Alicia spoke with appellant. They stated that appellant told them he was not shooting in the house to hurt them or the children, and did not mean for that to happen. Further, they stated that appellant claimed that his bullet was not the one that went into the house, but apologized and gave Tina twenty five dollars to pay for the damage. At trial, appellant denied being at the apartment that evening, and claimed he was at home with his grandmother.
In another incident on December 4, 1994, Toriano Ross's nine-year-old brother Mark McKinnon was sent by his mother to pick up a mop at his aunt's house. While walking home with his younger nephew, Mark stated that appellant pulled up in a car so close to the boys that he ran over the tip of the mop handle that Mark was carrying. He testified that appellant jumped out of the car and started shooting at the boys. Mark ran to his sister's house, escaping injury. In his testimony, appellant denied seeing Mark at all that day.
The last encounter involving appellant occurred on October 23, 1994. Ricardo Lovett stated that appellant and some other individuals were following him that day. Lovett said that appellant finally "jumped" him and started punching him. Someone pulled Lovett's shirt over his head and Lovett felt someone reach in his pocket, where there were two twenty dollar bills. Lovett stated that when he got back up, he saw appellant "make a swooping movement with his hand" and pick the money up off the ground. According to Lovett, appellant "just took off" when Lovett asked for his money back. Appellant claimed that Lovett had been threatening him, and that Lovett started the fight by grabbing appellant's shirt. Appellant denied seeing any money.
Appellant was indicted on two counts of felonious assault with firearm specifications, one count of robbery and one count of knowingly discharging a firearm into an occupied structure. The case proceeded to a jury trial, with the jury finding appellant guilty of the felonious assaults and the knowing discharge of a firearm into a habitation, and guilty of assault as a lesser included offense on the robbery charge. Appellant raises the following assignments of error on appeal:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT RESTRICTED CROSS-EXAMINATION REGARDING THE OUTCOME OF CRIMINAL CHARGES AGAINST THE OTHER ALLEGED SHOOTER.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED [HIS] MOTION TO DISMISS AT THE END OF THE STATE'S CASE AND WHEN IT ENTERED A VERDICT OF GUILTY AGAINST HIM.
In his first assignment of error, appellant argues that his Sixth Amendment right to cross-examine the witnesses against him was violated when the trial court refused to allow a witness to be questioned about whether or not charges were filed against Ali Taylor in connection with the Welliver Drive shooting.
The scope of cross-examination is within the discretion of the trial court. State v. Ferguson (1983), 5 Ohio St.3d 160, 166. Absent a showing of material prejudice, an appellate court will not reject the trial court's exercise of its discretion by refusal to allow cross-examination. State v. Long (1978), 53 Ohio St.2d 91,98.
Appellant argues that the jury was entitled to learn whether Alicia Bryant provided similar testimony about Ali Taylor at the pretrial hearing in order to assess her credibility. The record indicates that defense counsel in fact did question Alicia about her previous testimony without objection. The objection came when counsel said "those charges never materialized against Ali. Is that correct?" The trial court sustained the state's objection.
The record shows that the trial court allowed questions about Alicia's prior testimony and only stopped the questioning in response to the state's objection when defense counsel attempted to ask Alicia whether any charges were filed against Ali Taylor. This point not being particularly probative on the issue of Alicia's credibility, the trial court did not abuse its discretion by sustaining the objection to that question. See Ferguson, 5 Ohio St.3d at 166. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court erred in overruling his Crim.R. 29 motion for acquittal. Crim.R. 29(A) provides that a trial court must order a judgment of acquittal in favor of the defendant if the state's evidence is "insufficient" to warrant a conviction. In interpreting this rule, the Ohio Supreme Court has consistently held that a judgment of acquittal cannot be entered if the evidence is such that reasonable minds could differ as to whether the state has proven every material element of the crime beyond a reasonable doubt. State v. Evans (1992), 63 Ohio St.3d 231, 248, certiorari denied (1992), U.S., 113 S.Ct. 246.
R.C. 2903.11 defines felonious assault as follows:
(A) No person shall knowingly:
(1) Cause serious physical harm to another;
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordinance, as defined in section 2923.11 of the Revised Code.
Both Alicia Bryant and Toriano Ross testified to their personal observations of the shooting at the Bryant apartment. Both stated that they saw appellant pull a gun and start firing at Ross. Both stated that Ross ran to the back door of the Bryant apartment. Alicia testified that appellant was directly in line with the storm door window which was shattered by a bullet.
Mark McKinnon testified that when he and his nephew were walking home from McKinnon's sister's house with the mop, appellant drove up, jumped out of the car and started shooting at them. McKinnon testified that appellant's car came so close that it ran over the tip of the mop handle McKinnon was carrying and bent it.
Alicia Bryant testified that she saw Mark McKinnon running out of the alley, "scared to death." McKinnon told Alicia that appellant "came down the alley and was firing shots." McKinnon's mother, Sharon Ross also testified. She stated that McKinnon came home "screaming and shaking," with the mop in his hands, the handle bent. McKinnon told her that appellant got out of the car and was screaming and shooting at him.
R.C. 2923.161 defines improper discharge of a firearm at or into a habitation or school as follows:
 (A) No person, without privilege to do so, shall knowingly discharge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual or a school.
Both Alicia Bryant and Toriano Ross testified that they saw appellant outside the Bryant apartment on December third. They saw appellant pull a gun and shoot at Toriano as Toriano ran into the Bryant apartment through the back door. Both testified that appellant was the only one shooting while facing the back door. Alicia testified that she saw appellant firing a shot, and the bullet went straight through the door.
Viewing the evidence, including the above testimony, we find that reasonable minds could differ on whether the material elements of the two felonious assault charges and the improper discharge of a firearm charge were proven beyond a reasonable doubt. The trial court did not err in denying appellant's Crim.R. 29 motion for acquittal. See Evans, 63 Ohio St.3d at 248. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.