DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Richard Dennison has appealed from a felonious assault conviction in the Medina County Common Pleas Court. He has argued that: (1) the trial court failed to give an adequate curative instruction to the jury following prejudicial comments made by the prosecutor during closing argument; and (2) the trial court incorrectly advised the jury that a broken beer bottle is probably a deadly weapon and then gave conflicting jury instructions. This Court affirms the judgment of the trial court because: (1) defendant has not established that there was prosecutorial misconduct, or that the trial court's curative instruction was inadequate; and (2) defendant failed to preserve the issues of the court's "deadly weapon" statement and the subsequent jury instructions, and has failed to demonstrate plain error.
 I.
On September 6, 1996, defendant was a patron at the White Elephant Bar in Spencer, Ohio. Timothy Roberts was also there as a patron. At defendant's trial, Mr. Roberts testified that, at some point during the evening, he bumped into another person. He further testified that he did not remember whom he bumped into, but defendant's wife testified that she was that person. Following that, according to Mr. Roberts, defendant approached Mr. Roberts, said, "I am going to cut you," and proceeded to cut him on his neck. A disc jockey who had been working at the bar that evening was within several feet of defendant and Mr. Roberts and clearly saw defendant break a beer bottle over the jukebox and lunge at Mr. Roberts. Mr. Roberts began to bleed profusely and was taken to a hospital, where he received twenty-two stitches in his neck. Defendant was arrested that night and charged with felonious assault, a violation of Section 2903.11(A)(2) of the Ohio Revised Code. He was convicted following a jury trial and timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that the trial court failed to give an adequate curative instruction to the jury following prejudicial comments made by the prosecutor during closing argument. The relevant excerpt from the transcript of proceedings is as follows:
 [State]: You heard the witnesses for the defense. I could go out on the streets of Medina today, and for ten dollars a witness from the citizens of this community, I could produce better defense witnesses than testified in this case.
 [Defendant]: Objection, your Honor. Objection. He's suggesting that there was a payoff for witnesses.
 [State]: I'm not suggesting that. I'm just saying I could go out and find better witnesses to testify for the defense in this case just going out on the Square and finding them.
 THE COURT: Mr. — just going to caution the jury, this final argument is not evidence.
Defendant has argued that the prosecutor's comments implied that "the defendant paid off all of his witnesses" and that "witnesses lie for a very small amount of money." Had the prosecutor said merely that he could have found better witnesses just by asking passersby, defendant has asserted, no error would have occurred. Because the comments made a connection between witnesses and money, and because they were not based on evidence in the record, according to defendant, they were improper and prejudicial; the comments attacked the integrity of his witnesses and "the system,"[1] and the curative instruction was not adequate to cure them. Consequently, defendant has argued, he was denied a fair trial.
Before defendant's conviction could be reversed based on prosecutorial misconduct, he would have to establish that the remarks in question were improper and that his substantial rights were prejudicially affected as a result. State v. Taylor (1997),78 Ohio St.3d 15, 28. Reversal would not be warranted unless defendant was deprived of a fair trial. State v. Carter (1995),72 Ohio St.3d 545, 557.
This Court cannot conclude that the implication of the prosecutor's comments was as defendant has asserted. The prosecutor explained immediately that he had meant that it would not take much effort to find better witnesses. It appears, therefore, that he was merely commenting on the credibility of the defense witnesses based on their testimony, which was permissible conduct. See State v. Hill (1996), 75 Ohio St.3d 195, 204. He did not say anything that this Court can construe as implying that the actual witnesses in the trial had been "paid off," or that they had lied for money. Even if the remarks were improper, however, the trial court gave a curative instruction that closing arguments were not evidence, and defendant did not raise any objection to that instruction. A jury is presumed to have followed the trial court's instructions, including curative ones. See State v. Garner (1995), 74 Ohio St.3d 49, 59. Defendant's first assignment of error is overruled.
 B.
Defendant's second assignment of error is that the trial court incorrectly advised the jury that a broken beer bottle is probably a deadly weapon, gave conflicting jury instructions, and failed to give an instruction in accordance with Rule 201(G) of the Ohio Rules of Evidence. He has argued that this error was preserved at trial because the judge's comment about the beer bottle was "in response to an objection by the defendant." The transcript reveals that the following exchange took place:
 [State]: Doctor, have you ever examined anyone that has suffered a laceration of the carotid artery?
 [Defendant]: Objection, Your Honor, relevancy. We are not talking about that injury.
[State]: Judge, fine, I won't continue.
THE COURT: All right.
 I think what we are talking about here is a laceration, 4 cm. and 2 cm. long, not pin pricks by any means, but they did not get into any of the major arteries.
 [State]: Judge, the reason I am asking this, the State of Ohio is alleging this is a deadly weapon, a broken beer bottle, and Mr. Hare may argue to the jury it just causes lacerations.
 THE COURT: I will tell you that a broken beer bottle is probably a deadly weapon.
Defendant's claim that he preserved an objection to the court's statement about the beer bottle is without merit. He objected only to the relevance of a question by the State regarding an injury to a carotid artery. The fact that an exchange followed his specific objection did not convert that objection into one that challenged everything that might be said during that exchange.
Defendant also failed to preserve a challenge to the trial court's jury instructions regarding the issue of the beer bottle. He has argued that, even assuming that the court could properly have taken judicial notice of the fact that a beer bottle is probably a deadly weapon, the court was then required to give an instruction pursuant to Rule 201(G) of the Ohio Rules of Evidence. That rule provides that, "[i]n a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." He has also argued that the trial court gave "conflicting" jury instructions relative to this issue.
First, defendant made no request for a Rule 201(G) instruction. Second, defendant has not pointed out which part of the jury instructions actually "conflicted" with the comment about the beer bottle. Only one part of the instructions appears relevant to defendant's interpretation of the beer bottle comment:
 Deadly weapon means any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon.
A deadly weapon is any instrument, device, or thing which has two characteristics. The first characteristic is that it is capable of inflicting or causing death.
The second characteristic is in the alternative. The instrument, device, or thing was designed or specifically adapted for use as a weapon, or it was possessed, carried, or used in this case as a weapon. These are questions of fact for you to determine.
Assuming that this is the instruction to which defendant has referred, his argument is without merit. He cannot show prejudice from the quoted instruction; the most that could be said about that instruction in relationship to defendant's position is that it helped cure the trial court's statement that "a broken beer bottle is probably a deadly weapon" by instructing the jury to make that decision of fact for themselves. If the trial court's comment about the bottle was in error, therefore, defendant benefitted from this "conflicting" instruction, and it cannot logically be assigned as an error. The only alleged errors this Court will review under this assignment, therefore, are the trial court's statement that a broken beer bottle is probably a deadly weapon and its failure to give a Rule 201(G) instruction. In addition, these matters will be reviewed only for plain error due to defendant's failure to bring them to the trial court's attention. See State v. Powers (1995), 106 Ohio App.3d 696,699; State v. Thompson (1987), 33 Ohio St.3d 1, 10; and Rule 52(B) of the Ohio Rules of Criminal Procedure.
Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Defendant must, therefore, demonstrate on appeal that the challenged comment or the lack of a Rule 201(G) instruction resulted in a manifest miscarriage of justice. Defendant was convicted of felonious assault, a violation of Section 2903.11(A)(2)of the Ohio Revised Code. Pursuant to that section, a person is forbidden to knowingly cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in Section 2923.11 of the Revised Code. "Deadly weapon" is defined in Section 2923.11 as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." According to State eyewitnesses, defendant threatened to cut the victim, broke a beer bottle, and "lunged" at the victim; defendant cut the victim's neck, and the victim was then covered with blood; and the victim was taken to the hospital and received twenty-two stitches in his neck. The evidence presented at trial that the beer bottle was a deadly weapon, coupled with the trial court's instruction that whether the bottle was a deadly weapon was a fact for the jury to determine, was sufficient to preclude a conclusion by this Court that the trial court's comment about the beer bottle caused a manifest miscarriage of justice.[2] It follows, therefore, that the trial court's failure to issue a Rule 201(G) instruction, if it was an error, was not plain error. Because defendant has not established that the comment caused a manifest miscarriage of justice, he has also not established that the trial court's failure to issue a Rule 201(G) instruction to "cure" the comment resulted in a manifest miscarriage of justice. Defendant's second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
BAIRD, J.
SLABY, J. CONCUR.
[1] Defendant has not explained which "system" was attacked, or how it was attacked.
[2] See, also, State v. Overstreet (Apr. 14, 1982), Hamilton App. No. C-810446, unreported, 1982 Ohio App. LEXIS 14713, at * 5 (testimony by non-expert that broken beer bottle was deadly weapon held not sufficient to warrant reversal: grave wounds showed deadly character of broken bottle, and jury was instructed about its obligation to decide whether broken beer bottle, which the defendant had broken just before attacking and cutting victim, was deadly weapon), and Statev. Fitzgerald (Aug. 19, 1976), Franklin App. No. 76AP-244, unreported, 1976 Ohio App. LEXIS 6606, at *7 (evidence that defendant, during confrontation with police officers, broke soft drink bottle and threatened the officers with it was sufficient to support finding that the defendant had converted bottle into deadly weapon).