OPINION
David McBride, a minor, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, which found he was delinquent by commission of the offense of rape in violation of R.C. 2907.02. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN NOT PERMITTING THE POLYGRAPH EXAMINATION EXPERT, WHO EXAMINED THE APPELLANT, TO TESTIFY IN THE TRIAL ON THE MERITS, DENYING HIM DUE PROCESS OF LAW AND THE RIGHT TO PRESENT A DEFENSE.
SECOND ASSIGNMENT OF ERROR
 THE JUVENILE JUDGE ERRED IN EXCLUDING FROM HIS CONSIDERATION THE RESULTS OF THE POLYGRAPH TEST IN THE SENTENCING PORTION OF THE HEARING, IN VIOLATION OF SECTION 2151.35(B)(2)(b) OF THE OHIO REVISED CODE.
THIRD ASSIGNMENT OF ERROR
 THE COURT COMMITTED ERROR BY IMPROPERLY EXAMINING WITNESSES IN SUCH A MANNER SO THAT HE BECAME A "SUPER PROSECUTOR" BY BLATANTLY INTERFERING WITH THE JUVENILE'S SIXTH AMENDMENT RIGHT TO CALL WITNESSES ON HIS OWN BEHALF, VIOLATED THE JUVENILE'S FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL, AND MISSTATING THE EVIDENCE TO IMPEACH THE DEFENDANT, THUS ABANDONING ANY PRETENSE OF BEING A "NEUTRAL AND DETACHED MAGISTRATE" REQUIRED BY FUNDAMENTAL FAIRNESS, DUE PROCESS, AND EQUAL PROTECTION OF THE LAWS.
At trial, the alleged victim testified appellant forced her to have intercourse with him although she repeatedly told him no. Appellant testified he had a previous sexual encounter with the victim, and admitted having sexual intercourse as alleged. He testified both the sexual encounters between him and the victim were consensual.
 I
Appellant voluntarily submitted to a polygraph examination. In State v. Souel (1978), 53 Ohio St.2d 123, the Supreme Court held in order for a polygraph result to be admissible in a criminal trial for purposes of corroboration or impeachment, the prosecuting attorney, the defendant, and the defense counsel must sign a written stipulation providing the defendant would submit to the test and agree to the subsequent admission at trial of the report of the examiner's opinion either on behalf of the defendant or of the State. Appellant alleges the expert who conducted the polygraph examination reported appellant was truthful in his statement that he believed the sexual act was consensual.
Appellant concedes there was no agreement or written stipulation amongst the parties in this case to admit the polygraph results and the examiner's opinion into evidence. We conclude the guidelines set forth in Souel, supra, have not been met, and the trial court correctly excluded the evidence. Accordingly, the first assignment of error is overruled.
 II
Next, appellant contends the trial court could have considered the results of the polygraph test in the sentencing portion of the hearing pursuant to R.C. 2151.35(B). Pursuant to that section, a court may admit evidence that is material and relevant, including hearsay, opinion, and documentary evidence. As the State points out, the admission or exclusion of evidence is within the sound discretion of the court and will not be reversed absent an abuse of discretion, see State v. Sage (1987), 31 Ohio St.3d 173. The Supreme Court has frequently defined the abuse of discretion as connoting the court's attitude is arbitrary, unreasonable, or unconscionable, see State v. Long (1978), 53 Ohio St.2d 91.
In fact, the magistrate initially ruled the results of the polygraph test and the opinion of the expert was admissible in the dispositional phase of the case. The trial court found this was error on the magistrate's part, but found it was not prejudicial because it benefited the appellant. The court followed the disposition recommended by the magistrate.
We conclude appellant has shown neither abuse of discretion nor prejudice from the foregoing. Accordingly, the second assignment of error is overruled.
 III
Finally, appellant argues his rights of due process and to call witnesses on his own behalf were violated when the court abandoned its role and directly examined some of the witnesses who testified. Appellant alleges the magistrate has no right to examine witnesses directly, and even if the magistrate has the right, it was improperly done.
Juv. R. 40 (C) permits the magistrate to put witnesses under oath and examine them.
In State v. Lawrence (1954), 162 Ohio St. 412, the Ohio Supreme reviewed a situation where the court effectively took over the interrogation of various witnesses. The Supreme Court found an accused's rights are violated when the court repeatedly interrupts defense counsel and intimidates defense witnesses with threats of incarceration. The Supreme Court found a trial court properly seeks the truth but must maintain the court's rigorous impartiality with patience and integrity.
We have reviewed the record, and we find the court's questions to the witnesses were impartial, fair, and directed to securing relevant evidence the court required in order to make a full and fair adjudication. We find appellant was not prejudiced by the court's action.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Licking County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings.
By Gwin, P.J., Reader J., and Wise, J., concur