OPINION
Appellant Jacqueline Monique Johnson is appealing her conviction, in the Stark County Court of Common Pleas, of two counts of felonious assault, two counts of aggravated robbery and one count of kidnaping. The following facts give rise to this appeal.
On the afternoon of March 4, 1997, Brett Bolon and John Tidenberg went to appellant's residence to purchase crack cocaine. Bolon knew appellant for approximately three years and had frequently purchased crack cocaine from her. On the day in question, Bolon purchased $200 worth of crack cocaine from appellant.
That evening, Bolon had a party at his residence. Several of his friends were present at the party, including John Tidenberg and Ron Murphy. The men consumed beer and did hits of crack cocaine. Around 11:00 p.m., Bolon heard a knock at his door. Bolon opened the door, saw appellant and a man, whom he recognized from previous drug dealings with appellant. Appellant informed Bolon that he owed her money. Bolon denied owing appellant any money. The man accompanying appellant told Bolon that if he did not pay the money he owed appellant, he and appellant would start shooting up the house.
Bolon gave appellant $50 to appease her, but appellant indicated Bolon owed her a lot more. Bolon then offered appellant marijuana. At that point, appellant, her male companion and Bolon went outside the residence. Bolon suggested that he drive separately to a pay phone. Appellant and her male companion became upset and showed Bolon a gun that was in the male companion's pocket and forced Bolon into the appellant's vehicle.
Appellant refused to take Bolon to a pay phone and instead demanded to know where Bolon's friend lived. Appellant's male companion smacked Bolon a couple of times in an attempt to force Bolon to reveal his friend's address. Bolon refused to tell appellant where his friend lived because he feared that appellant wanted to rob him. Eventually, appellant permitted Bolon to use a pay phone to call his friend. Bolon's friend agreed to meet them at Ivanho Car Wash with some marijuana. Appellant, however, demanded that Bolon take her directly to the friend's residence. Bolon refused to do so. Appellant struck Bolon several times in the head and demanded to know his friend's address.
Appellant handed the gun to her male companion who then placed it to Bolon's head. The male companion again requested Bolon's friend's address. Bolon refused. Appellant eventually stopped the vehicle and ordered Bolon to exit. While appellant and her male companion were laughing and joking, Bolon ran away. As he was running, he heard several shots fired. Bolon telephoned the police and was picked up a short time later.
Meanwhile, appellant, her male companion and a third male returned to Bolon's residence. John Tidenberg and Ron Murphy remained, at Bolon's residence, because they were concerned about Bolon. Appellant asked the men about Bolon's location. One of the males confronted Ron Murphy with a gun. Murphy ran out of the residence and across the street to a gravel pit. Murphy heard gunshots fired as he was running across the street. Murphy fell while running and one of appellant's male companions caught up with Ron Murphy, put a gun to his head and ordered Murphy to empty his pockets. Murphy complied. Murphy attempted to flee again and the man shot Murphy twice in the left leg. Murphy managed to run and hide nearby.
John Tidenberg testified that appellant and her other male companion began looking throughout Bolon's residence. At that time, the third man arrived back at Bolon's residence and asked Tidenberg for his money. The man then struck Tidenberg on the side of the face with his gun. Eventually, appellant and her two male companions fled Bolon's residence in appellant's vehicle.
On April 11, 1997, the Stark County Grand Jury indicted appellant with two counts of felonious assault, three counts of aggravated robbery and one count of kidnaping. Each count carried a firearm specification. Appellant entered pleas of not guilty to the charges contained in the indictment. This matter proceeded to trial on June 17, 1997. Following deliberations, the jury found appellant guilty of two counts of felonious assault, two counts of aggravated robbery and one count of kidnaping. The jury found appellant not guilty of one count of aggravated robbery and all of the firearm specifications. Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF PRIOR BAD ACTS UNDER EVIDENCE RULE 404(B) AND R.C. 2945.59, THEREBY VIOLATING APPELLANT'S RIGHT OF DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE PROPER APPLICATION OF OTHER ACTS EVIDENCE THEREBY VIOLATING APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 III. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HER TRIAL IN VIOLATION OF THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I, II
We will address appellant's first and second assignments of error simultaneously as both concern the admission of bad acts evidence and whether the trial court should have instructed the jury as to the proper application of other acts evidence. Appellant contends, in her first assignment of error, that the trial court erred in admitting evidence of prior bad acts under Evid.R. 404(B) and R.C. 2945.59. In her second assignment of error, appellant contends the trial court erred in failing to instruct the jury on the proper application of other acts evidence. We disagree with both assignments of error.
As to her first assignment of error, appellant argues that evidence of appellant's alleged drug involvement was improperly admitted. The record in this matter indicates that appellant did not object to the admission of this evidence. Therefore, we must analyze this assignment of error under a plain error standard. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. D'Ambrosio (1993), 67 Ohio St.3d 424, 427;State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
The issue of other acts evidence is governed by Evid.R. 404(B) and R.C. 2945.59. Evid.R. 404(B) provides as follows:
 (B) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
This rule was codified in R.C. 2945.59, which provides:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system of doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
In State v. Broom (1988), 40 Ohio St.3d 277, the Ohio Supreme Court addressed Evid.R. 404(B) and R.C. 2945.59 and explained:
 Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict. [Citations omitted.] Neither the rule nor the statute contains the words "like" or "similar." The rule and statute contemplate acts which may or may not be similar to the crime at issue. If the other act does in fact "tend to show" by substantial proof any of those things enumerated, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, then evidence of the other act may be admissible. Id. at 281-282.
Thus, "[e]vidence of `other acts' is admissible if there is substantial proof that the alleged similar act was committed by defendant * * * and if the evidence also tends to prove identity, scheme, motive or system." Id. at 282-283.
We find the trial court properly admitted evidence concerning appellant's involvement in drugs because it provided the context in which the crimes charged occurred. Also, evidence that appellant sold Bolon drugs established how the parties knew each other and the nature of their relationship. Thus, the evidence was properly admitted to demonstrate appellant's motive, intent, knowledge and plan in committing the crimes charged. Finally, under a plain error analysis, appellant has not established that but for the admission of this evidence, the outcome of her trial clearly would have been different.
Appellant contends, in her second assignment of error, the trial court should have given the jury a limiting instruction regarding the use of evidence concerning appellant's involvement in drugs. The Ohio Supreme Court has expressly rejected this argument. In State v. Schaim (1992), 65 Ohio St.3d 51, 61-62, fn. 9, the Court held:
 The defendant also claims that it was plain error for the trial court to fail to give a limiting instruction on the use of other acts evidence, even though it was not requested by the attorney. We decline to adopt this position, as the decision not to request a limiting instruction is sometimes a tactical one, and we do not wish to impose a duty on the trial courts to read this instruction when it is not requested.
We again must analyze this argument under a plain error analysis. In support of this assignment of error, appellant cites the case of State v. Crafton (1968), 15 Ohio App.2d 160. We find the facts in Crafton differ from the facts of the case sub judice. In Crafton, the prior acts testimony concerned similar conduct for which the appellant was on trial and therefore, the likelihood for confusion and prejudice was great. Also, in Crafton, the other acts evidence was admitted over the objections of defense counsel. This differs from the present case in that appellant's drug involvement was offered to provide the motive for appellant's commission of the crimes charged which did not include any drug offense. Further, in the present case, defense counsel did not object to the admission of this evidence.
We find there is no possibility the jury convicted appellant of the crimes charged based on evidence that appellant committed similar crimes since appellant's drug involvement was offered only to provide the motive for appellant's commission of the crimes charged, which did not include any drug offense. Further, defense counsel's decision not to request a limiting instruction, on the use of other acts evidence, could also be considered trial strategy because her theory, at trial, was that the victim, rather than appellant, sold drugs inferring that appellant was one of the victim's customers.
Based upon the above, we find the trial court did not commit plain error when it failed to instruct the jury about the use of prior acts evidence.
Appellant's first and second assignments of error are overruled.
 III
In her final assignment of error, appellant contends she was denied effective assistance of counsel because defense counsel failed to object to the introduction of other acts evidence and failed to object to alleged hearsay testimony. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of State v.Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
The testimony appellant claims was hearsay is contained at pages 139, 144 and 160 of Volume I of the transcript. This evidence concerns Brett Bolon explaining why he took a particular action instead of another to establish his credibility. The victim explained that he refused to take appellant and the co-defendant to his friend's residence because he feared appellant would rob his friend. This testimony explained why Bolon remained in the vehicle, with appellant and the co-defendant, instead of attempting to flee at the friend's residence.
Further, for the reasons set forth in appellant's first assignment of error, we find defense counsel's failure to object to the introduction of evidence, concerning appellant's drug involvement, did not amount to ineffective assistance of counsel. This evidence was properly admitted under Evid.R. 404(B) and defense counsel had no duty to object.
We find defense counsel's performance did not fall below an objective standard of reasonable representation and violative of any of his essential duties to appellant.
Appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.