OPINION
Appellee Wyatt J. Taylor was convicted of a violation of R.C.2911.12(A)(2), burglary, a felony of the second degree. The trial court sentenced Taylor to a serve a term five years of community control sanctions including a term of up to five months to be served in the West Central Community Correctional Facility.
The State of Ohio has appealed that sentence pursuant to R.C.2953.08(B)(1), because the sentence imposed on Taylor does not include a prison term despite the presumption favoring a prison term for a person convicted of a second-degree felony.
Taylor has cross-appealed claiming the trial court erred by failing to instruct the jury on the lesser included offense of criminal trespass.
Because Appellant's first and second assignments of error are closely related we consider them together:
 Appellant's Assignment Of Error Number One The trial court erred when it sentenced the defendant to a term of community control sanctions without first making the findings required by R.C. § 2929.13(D) after the defendant had been convicted of a felony two offense which carries a presumption in favor of a prison term.
 Appellant's Assignment Of Error Number Two The trial court erred in sentencing the defendant to a term of community control sanctions without articulating the applicable seriousness and recidivism factors set forth in R.C. § 2929.12, after the defendant had been convicted of a felony two offense which carries a presumption in favor of a prison term.
When sentencing a criminal defendant convicted of a felony of the second degree, a trial court is directed by R.C. § 2929.13(D) that a prison term is necessary in order to comply with the purposes and principles of the felony sentencing guidelines, unless the trial court finds:
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism; [and]
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
R.C. § 2929.13(D)(1) and (2).
The statute requires that the trial court make both thesefindings in order to overcome the presumption that a prison termshould be imposed and at the sentencing hearing articulate itsreasons relating them to the factors noted and the supportingevidence in the record.
R.C. 2929.19(B)(2) provides:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (b) If it does not impose a prison term for a felony of the first or second degree or for a felony drug offense that is a violation of a provision of Chapter 25 of the Revised Code and for which a presumption in favor of a prison term is specified as being applicable, its reasons for not imposing the prison term and for overriding the presumption, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and the basis of the findings it made under divisions (D)(1) and (2) of section 2929.13
of the Revised Code.
R.C. § 2929.19(B)(2)(b).
Therefore, to sentence a defendant who has been convicted of a felony of the second degree to a term of community control, the trial court must find on the record at the sentencing hearing the following: (1) that such a term would adequately protect the public from future crime and punish the defendant, because the defendant is not likely to reoffend, R.C. § 2929.13(D)(1); and, (2) such a term would not demean the seriousness of the offense, because the defendant's conduct was less serious than conduct normally constituting the crime, R.C. § 2929.13 (D)(2).
Additionally, the trial court must state on the record at the sentencing hearing the reasons upon which it bases its findings: (1) that the public will be adequately protected and the defendant will be adequately punished by serving a term of community control sanctions; (2) that a term of community control sanctions will not demean the seriousness of the offense; and, (3) that the presumption in favor of a prison term should not control based upon the overriding principles of the felony sentencing guidelines. R.C. § 2929.19(B)(2)(b). That is, it is not enough that the trial court merely state the required findings on the record, the trial court must also articulate reasons in support of those findings. Further, the record must clearly and convincingly support the findings.
It is undisputed that Taylor was convicted of a second-degree felony, for which there is a presumption in favor of a prison term. At the sentencing hearing, the trial court made the following "statements":
 Court, having considered the criteria required by the Revised Code in determining the sentence to be imposed, having further considered the specific facts of this case and the circumstances of this defendant, will find that community control sanctions are appropriate with the condition of a community based corrections facility.
 I do have some reservations. I understand what the State's saying, uh, in relation to this case and your prior criminal history. However, I am of the opinion, if there's a time in your life when you are going to be opened to change, this is probably it. I think you can be successful and not be back before the Court on criminal matters if you take what you're going to learn at the Worth Center seriously, approach it with an open mind and with an attitude that you do need to change your ways or you are going to spend an awful lot of your life in prison.
 * * *
 You are young enough hopefully you will be opened to these suggested changes, a different way of life. Almost every criminal conviction you've got has alcohol involved.
 * * *
 Including this last conviction. So we're going to give you this shot. You need to understand that it would be a rare circumstance that somebody was not successful in community based corrections facility. In other words, got terminated early unsuccessfully, * * * that they didn't go to prison. * * * You haven't been sentenced yet. Do you understand * * * that the term imposed by this Court will be determined at that point and could be up to eight years?
Although the trial court explained why it elected to sentence the defendant to a term of community control sanctions, the court failed to explicitly articulate how its findings and reasoning fit within the felony sentencing guidelines, for there is no explicit finding that the sentence would adequately protect the public and punish Taylor as required by R.C. §§ 2929.11 and 2929.13(D)(1). There is no explicit finding that after weighing the factors in R.C. § 2929.12, Taylor is unlikely to commit future crimes. Likewise, there is no explicit finding that after weighing the factors in R.C. § 2929.12, Taylor's conduct was less serious than conduct normally constituting the offense of Burglary and therefore a term of community control would not demean the seriousness of the crime. The trial court not only failed to make the explicit findings required but also failed to articulate its reasons supporting the required findings. R.C. §§ 2929.11, 2929.12,2929.13, and 2929.19.
Accordingly, Appellant's first two assignments of error are sustained.
 Appellant's Assignment Of Error Number Three The trial court erred in sentencing the defendant to a term of community control sanctions after he had been convicted of a felony two offense which carries a presumption in favor of a prison term, when the evidence before the trial court necessitated a finding that there were factors indicating the offender is likely to commit future crimes and no factors indicating that he is not likely to commit future crimes.
 Appellant invites this Court to consider the evidence in therecord, conclude that the record would not support a finding bythe trial court that Taylor is unlikely to commit future crimesand hold that a prison term must be imposed in the case as amatter of law. We decline to do so.
The determination as to whether a defendant is likely to commit crimes in the future must be made after considering the entire record in the case, any information presented at the sentencing hearing, the presentence investigation report if prepared, any victim impact statement that may have been made, and any other evidence that may be germane to the decision. In making the determination, the trial court is guided, inter alia, by the factors listed in R.C. § 2929.12(D) and (E); however, the enumerated factors are not the exclusive considerations. The legislature has provided that a trial court may consider "any other relevant factors" when determining whether a defendant is likely to commit future crimes.
Until the trial court makes the required findings and articulates its reasoning therefor, we decline to consider whether the record herein may or may not support the required findings. Accordingly, Appellant's Assignment Of Error Number Three is overruled.
 Cross-Appellant's Assignment Of Error Number One The trial court erred in failing to instruct the jury on the lesser-included offense of criminal trespass.
In his sole assignment of error, Taylor asserts that the trial court should have instructed the jury on the lesser-included offense of Criminal Trespass, R.C. § 2911.21, in addition to the instructions it gave on Burglary, R.C. § 2911.12.
Although we have no transcript of the trial to portray the error claimed, that is, to show the instructions given or not given, Taylor concedes that his trial counsel made no timely request that the trial court give an instruction concerning criminal trespass. Therefore, the error, if any, is waived. Crim.R. 30(A). However, Taylor asserts that criminal trespass is a lesser included offense of burglary and that the omission to instruct on the lesser included offense is plain error affecting a substantial right and is controlled by Crim.R.52(B).
Assuming arguendo that no instruction on criminal trespass was given, "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost of caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v.Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Thus, the giving or omission to give a particular jury instruction is not plain error unless, but for the error, the outcome of the trial clearly would have been otherwise.
Because Taylor has not provided in the record on cross-appeal a transcript of the trial, we cannot review the evidence upon which Taylor was convicted. We may not speculate about any alternative outcome of the trial had the jury been instructed about the offense of criminal trespass in addition to burglary. We may not speculate whether the evidence warranted the giving of an instruction on a lesser included offense and likewise, we may not speculate about the trial strategy of counsel that may explain objections not given or forbearance to request an instruction. Accordingly, presuming the regularity of the trial court proceeding in the absence of a showing of error, Cross Appellant's Assignment of Error Number One is overruled.
In summary, Appellant's First and Second Assignments Of Error are sustained. Appellant's Third Assignment Of Error is overruled. Cross-Appellant's sole assignment of error is overruled.
Accordingly, the judgment of the Court of Common Pleas of Marion County is affirmed in part and reversed in part and the cause is remanded to that court for sentencing pursuant to law.
HADLEY, P.J., and SHAW, J., concur.