DECISION
In 1997, appellant, Timothy A. Davis, then age nineteen, married Christen Hemminger Hartley, then age thirty-two. Hartley had four children, Chasity, Richard and Julia Hemminger and Alan Hartley. The children ranged in age from six to fourteen. The family lived a fairly nomadic life, moving from Michigan to Ohio, staying with relatives, in motels and at a shelter provided by a local church. The children testified to a number of episodes of sexual conduct with appellant and when, on one occasion, appellant tried to force Julia and Richard to engage in sexual intercourse with each other. Appellant testified on his own behalf and denied any sexual activity with the children and alleged the children had him confused with Dale Hartley, Alan's father.
Appellant was indicted on eleven counts of rape and one count of attempted rape. All the counts had a sexually violent predator specification. Appellant was found guilty of eight counts of rape and one count of attempted rape. The trial court granted a motion for acquittal, pursuant to Crim.R. 29, as to one count of rape and he was found not guilty of the remaining two counts. Appellant waived a jury trial as to the specifications in the indictment and the trial court found him not guilty. The trial court found appellant to be a sexually oriented offender but not a sexual predator.
Appellant filed a timely notice of appeal and sets forth the following assignments of error:
 I. THE ASSISTANT PROSECUTING ATTORNEY MADE IMPROPER REMARKS DURING HIS CLOSING ARGUMENT, THEREBY DEPRIVING DEFENDANT-APPELLANT HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF ACTUAL INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY IMPROPERLY SENTENCING HIM TO A TERM OF ACTUAL INCARCERATION WHICH WAS LONGER THAN THE MINIMUM TERM IN CONTRAVENTION OF OHIO'S SENTENCING LAWS.
In his first assignment of error, appellant argues the prosecutor engaged in misconduct during closing argument, in that he referred to facts not in evidence, expressed his personal opinion and vouched for the credibility of the witnesses.
As to the argument that the prosecutor referred to facts not in evidence, appellant points to three specific instances. First, appellant argues the prosecutor stated Richard Hemminger was forced by appellant to engage in sexual conduct with his younger half-brother, Alan Hartley. The prosecutor stated:
 The family has apparently been split, because they recognize that at one point Richard was forced to perpetrate on Alan and on Julia. * * * [Tr. 329.]
On direct-examination, Alan testified there was no sexual conduct between Richard and himself, however, on cross-examination, Alan testified:
 Q. And do you remember telling the lady at the hospital that Richard had done things to you? Do you remember that?
A. Yes, ma'am.
 Q. So, you told the lady at the hospital that Richard had touched your private parts? Do you remember that?
A. Yes, ma'am. [Tr. 209-210.]
Appellant argues there was no evidence to support this argument.
Second, appellant alleges that the prosecutor argued that appellant sought to blame someone else. The prosecutor stated, in closing argument:
 This guy [appellant] would like you to think that Dale Hartley is the real abuser here, I guess. It is painful to realize that you are an adult man sitting in a criminal court. And because you have been abusing kids, I suspect any of us would externalize that problem. * * * [Tr. 351.]
Appellant argues this was error, as no expert witness was presented that an individual charged with sexually abusing children would seek to blame someone else.
Last, appellant admitted during cross-examination that he has a marijuana problem. The prosecutor argued in closing:
 I would suggest to you that that runs counter to the defendant's theory that I was doing nothing that would impair my memory at the time. He has told you that he has done something that will not only impair his memory, but impair his judgment. [Tr. 327.]
Appellant argues this was misconduct, as no evidence was admitted as to the effects of marijuana on memory or judgment.
The test for prosecutorial misconduct in closing argument is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused. State v. White (1998), 82 Ohio St.3d 16. The prosecutor should not express personal opinions as to the credibility of a witness, nor should the prosecutor argue facts not in evidence. State v. Liberatore (1982), 69 Ohio St.2d 583, State v. Daugherty (1987), 41 Ohio App.3d 91. In this instance, no objections were made to closing argument. Thus, we must review the allegations under a plain error standard.
Crim.R. 52(B) allows a reviewing court to reverse for error which affects substantial rights but was not preserved as error for appeal. Plain error is found where, but for the error, the outcome of the trial would have been otherwise. State v. Franklin (1991), 62 Ohio St.3d 118, certiorari denied (1992), 504 U.S. 960. The application of plain error is to be taken with the utmost caution and only in order to prevent a miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91.
While there was some conflict between Alan's testimony on direct and cross-examination as to whether any sexual conduct or contact occurred with his half-brother, Richard, there is no evidence that appellant forced such acts, if any, to occur. Also, there was no evidence as to the extent of appellant's admitted use of marijuana or the effects on his memory. However, we find these comments, while based on facts not in evidence, do not rise to the level of plain error, given the overwhelming evidence of sexual abuse inflicted by appellant. The comment by the prosecutor that appellant would "externalize the problem," we read as meaning only that appellant was attempting to blame someone else and did not require any expert evidence to support it.
Appellant also argues that the prosecutor expressed his opinion of the credibility of two witnesses, Richard Hemminger and Gale Hoerner. As to Richard, the prosecutor stated:
 Was his [Richard Hemminger] testimony, which everyone has to agree was tortured or at least tortuous, useless to you. I suggest to you that if this is a person who came in to lie, he did not present himself that way. [Tr. 328.]
As to Mrs. Hoerner, the prosecutor stated:
 I brought in Mrs. Hoerner and her 20 years of experience to tell you that, okay, whatever people say to their grandmas is one thing. But having an intact hymen is not necessarily an indication that somebody is not having sex. [Tr. 357.]
We find the prosecutor did not express a personal opinion as to the credibility of these witnesses. His comment as to Richard was a comment on his demeanor on the stand. To the extent the comment as to Richard could be taken as the prosecutor's opinion of the witness' credibility, it was harmless error. The comment as to Mrs. Hoerner was a reference to her twenty-years experience at Children's Hospital doing sexual abuse assessments and "I brought in Mrs. Hoerner" just argues that the state presented her as a witness.
Appellant also refers to various times when the prosecutor used the expressions "I think" or "I suggest" in closing argument. Read in context, however, we interpret these comments to mean "I would argue" or "I would interpret the evidence as." Therefore, appellant's first assignment of error is overruled.
Appellant's second and third assignments of error both address the sentences imposed by the trial court and will be discussed together. In the second assignment of error, appellant argues the trial court failed to make the required findings set forth in R.C. 2929.14(E)(4) before imposing consecutive sentences. In the third assignment of error, appellant argues that the trial court failed to comply with R.C. 2929.14(B) in order to impose more than a minimum sentence. Appellee concedes, and we agree, that the trial court failed to meet the statutory requirements in imposing sentence. Therefore, appellant's second and third assignments of error are sustained.
For the foregoing reasons, appellant's first assignment of error is overruled and his conviction is affirmed. Appellant's second and third assignments of error are sustained and this matter is remanded to the Franklin County Court of Common Pleas with instructions to re-sentence appellant in accordance with the requirements of R.C. 2929.14(E)(4) and 2929.14(B).
Conviction affirmed and remanded with instructions.
TYACK and DESHLER, JJ., concur.