Francis Xavier **LOHMANN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16446.**

United States Court of Appeals
Ninth Circuit.

Dec. 6, 1960.

Rehearing Denied Jan. 11, 1961.

Harry E. Claiborne, Las Vegas, Nev., for appellant.

Howard W. Babcock, U. S. Atty., Las Vegas, Nev., Herbert F. Ahlswede, Asst. U. S. Atty., Reno, Nev., for appellee.

Before CHAMBERS, HAMLEY and HAMLIN, Circuit Judges.

CHAMBERS, Circuit Judge.

In the voluntary written confession of Lohmann (received in evidence in this judge-tried case) there is enough to convince one beyond a reasonable doubt that Lohmann "did * * * transport in interstate commerce, from Hollywood, California, to Clark County, State and District of Nevada, a woman, namely Margaret Wells, for the purpose of prostitu-

tion in violation of Title 18, § 2421, United States Code."

Lohmann's testimony, when he took the stand in his own behalf to repudiate his confession and say that he came from California to Nevada with his own wife (and not with Margaret Wells) on or about the critical date, June 27, 1957, is such that the trial court, as a minimum, was entitled to discredit it. And, even on paper, his alibi story is suspect.[1] The record is clear that Margaret Wells did engage in prostitution[2] after her arrival in Nevada almost within the shadow of where Lohmann was standing, and the circumstances would warrant an inference that that was her purpose in going to Nevada. At the trial she partially repudiated her confession in that she denied she came to Nevada with the defendant and denied that Lohmann caused her to come.

Lohmann, on appeal, says there was not enough corroboration of his confession to satisfy Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, and Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192. (United States v. Calderon, 348 U.S. 160, 75 S.Ct. 186, 99 L.Ed. 202, also should be cited.)

At the conclusion of the government's case, the defendant moved for dismissal on the ground of insufficiency of the evidence, specifically asserting that there was no direct evidence to corroborate the confession on the point of the transportation. The motion was not renewed in the district court at the close of the case. Nor was the point raised again at any time in the district court. However, the sufficiency of the evidence question was renewed in the statement of points and designation of record on appeal,[3] but there was no motion for new trial or in arrest of judgment.

■ When defendant went ahead and put on a defense, he waived his motion for dismissal, United States v. Calderon, note 1, cited supra. And Maulding v. United States, 9 Cir., 257 F.2d 56, 17 Alaska 592, is applicable when the question was not again presented to the trial court.

■ We are asked to apply the plain error rule of Rule 52(b) of the Rules of Criminal Procedure, 18 U.S.C.A. We think, before applying it, we should be convinced an injustice was done the defendant. Such would be the case if there had been no credible evidence to support all of the elements of the crime. This is not to say that we hold there is not enough corroboration to run the gamut of Opper, Calderon and Smith, supra. But the matter of corroboration would be a close question. Except as to the actual transportation, there was corroboration. Enough was present to make one think that Lohmann's post-arrest statement to the officers was reliable.

We have considered the other specifications of error and find no merit in them.

The judgment is affirmed.

---

1. Likewise, a trial judge would have trouble believing the alibi of Katherine Lohmann, his wife, who could remember she had such a violent quarrel with her husband in Las Vegas on or about June 28, 1957, that she got into her car and drove back to Los Angeles, but had no idea what the argument was about.

2. Copulation by mouth was involved with three men in the office of a used car lot. Intercourse with two men occurred in rooms of a well known hotel.

3. Ordinarily there is no reason for a trial court to consider a "statement of points on appeal." That is not his business.