The State of Ohio, Appellee, *v.* Long, Appellant.

[Cite as State v. Long (1978), 53 Ohio St. 2d 91.]

(No. 77-174—Decided February 15, 1978.)

Mr. *Stephen M. Gabalac*, prosecuting attorney, and *Mr. Carl M. Layman, III*, for appellee.

Mr. *Robert J. Croyle, Mr. R. Douglas Paige* and *Ms. Patricia A. Vance*, for appellant.

HERBERT, J. Appellant contends that the trial court erred in instructing the jury that he bore the burden of proving the affirmative defense of self-defense by a preponderance of the evidence, this being in violation of R. C. 2901.05(A)[1] and of the Fourteenth Amendment to the Constitution of the United States.

We agree that the trial court's instruction was erroneous and not in conformity with R. C. 2901.05(A). See *State* v. *Robinson* (1976), 47 Ohio St. 2d 103, 351 N. E. 2d 88; *State* v. *Humphries* (1977), 51 Ohio St. 2d 95, 364 N. E. 2d 1354. However, the error was waivable under appropriate circumstances.

The Supreme Court in *Mullaney* v. *Wilbur* (1975), 421 U. S. 684, held unconstitutional a Maine statute, the operation of which apparently resulted in a statutory presumption of criminal intent. The burden of rebutting the presumption fell to defendants and the high court declared this to be an impermissible shifting from the state of its burden to establish all material elements of a crime by proof beyond a reasonable doubt. In *Hankerson* v. *North Carolina* (1977), —— U. S. ——, 53 L. Ed. 2d 306, the Supreme Court declared the *Mullaney* rule retroactive.[2]

Most instructive in the instant cause is footnote 8, at page 316, in *Hankerson*:

"* * * [W]e are not persuaded that the impact on the administration of justice in those States that utilize the sort

---

[1] R. C. 2901.05(A) provides:

"Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused."

[2] It has been held in *Patterson* v. *New York* (1977), —— U. S. ——, 53 L. Ed. 2d 281, that a statute requiring defendants in prosecutions for second-degree murder to prove by a preponderance of the evidence the affirmative defense of extreme emotional disturbance, so as to reduce the crime to manslaughter, does not violate the Fourteenth Amendment to the United States Constitution. Such affirmative defenses do not serve to negative any fact of the crime which the prosecution must prove to convict, but present an independent question upon which defendants bear the burden of persuasion.

of burden-shifting presumptions involved in this case will be as devastating as respondent asserts. If the validity of such burden-shifting presumptions was as well settled in the States that have them as respondent asserts, then it is unlikely that prior to *Mullaney* many defense lawyers made appropriate objections to jury instructions incorporating those presumptions. * * * The States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error. See, *e. g.*, Fed. Rule Crim. Proc. 30." See, also, the concurring opinion in *State v. Humphries, supra*, at page 104.

Fed. R. Crim. P. 30[3] in relevant part parallels Crim. R. 30.[4] Both provide that a party may not assign as error the giving or the failure to give instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds thereof. In the case at bar, appellant concedes that he failed to object to the giving of the erroneous instruction. Nevertheless, he now relies upon Crim. R. 52 (B), which provides:

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

Crim. R. 52(B) is identical to Fed. R. Crim. P. 52(b). The power afforded to notice plain error, whether on a court's own motion or at the request of counsel, is one which courts exercise only in exceptional circumstances, and exercise cautiously even then. 3 Wright, Federal Practice &

---

[3]Fed. R. Crim. P. 30 provides, in relevant part:

"* * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

[4]Crim. R. 30 provides, in relevant part:

"A party may not assign as error the giving or the failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection."

Procedure, 373, Section 856 (1969). As the United States Court of Appeals for the Sixth Circuit has noted, "The plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice." *United States* v. *Rudinsky* (C. A. 6, 1971), 439 F. 2d 1074, 1076, citing *Eaton* v. *United States* (C. A. 5, 1968), 398 F. 2d 485, 486, certiorari denied, 393 U. S. 937. Numerous federal courts have endorsed this principle.[5]

It has been explained relative to the prudent application of Rule 52(b):

"* * * The normal rule is that an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass. The plain error rule should be ap-

[5] "* * * Resort to the plain error rule is appropriate only in exceptional cases where such a course. is necessary to prevent a clear miscarriage of justice." *McIntyre* v. *United States* (C. A. 8, 1967), 380 F. 2d 822, 825, footnote number 1, certiorari denied, 389 U. S. 992.

"* * * Our power to notice plain error not objected to will be exercised only to prevent a miscarriage of justice." *Schumacher* v. *United States* (C. A. 8, 1954), 216 F. 2d 780, 787, certiorari denied, 348 U. S. 951.

"We are asked to apply the plain error rule of Rule 52(b) of the Rules of Criminal Procedure, 18 U. S. C. A. We think, before applying it, we should be convinced an injustice was done the defendant." *Lohmann* v. *United States*, (C. A. 9, 1961), 285 F. 2d 50, 51.

"* * * [T]he plain error rule is to be. sparingly. applied and is to be invoked only to prevent a plain miscarriage of justice." *United States* v. *Reed* (C. A. 8, 1971), 446 F. 2d 1226, 1230.

"Several * * * assignments demonstrate error by the trial court but none were the subject of objections at trial. Thus, their impact must be tested under the strict standards of plain. error. F. R. Crim. P. 52(b). 'The rule is invoked only where the error complained of seriously affects the fairness or integrity of the trial and the appellate court must take notice of it to avoid a clear miscarriage of justice.'" *United States* v. *Beasley* (C. A. 5, 1975), 519 F. 2d 233, 238 (vacated on other grounds, 425 U. S. 956 [1976]), quoting *Moore* v. *United States* (C. A. 5, 1968), 399 F. 2d 318, 319, certiorari denied, 393 U. S. 1098.

"* * * This. Court's power under Rule 52(b) is discretionary and may be exercised only. to prevent a manifest miscarriage of justice." *United States* v. *Grasso* (C. A. 3, 1971), 437 F. 2d 317, 319, certiorari denied, 403 U. S. 920.

plied with caution and should be invoked only to avoid a clear miscarriage of justice. To exercise the right freely would undermine and impair the administration of justice and detract from the advantages derived from orderly rules of procedure." *Gendron* v. *United States* (C. A. 8, 1961), 295 F. 2d 897, 902.[6]

The *Gendron* formulation parallels the rationale of this court's strict view concerning waiver of trial errors prior to the July 1, 1973, effective date of Crim. R. 52(B). At that time, the appellate courts in this state would consider no error which a party complaining of the trial court's judgment might have called, but did not call, to the trial court's attention while such error remained avoidable or correctable by the trial court. This court pointed out that, "Any other rule would relieve counsel from any duty or responsibility to the court and place the entire responsibility upon the trial court to give faultless instructions upon every possible feature of the case, thereby disregarding entirely the true relation of court and counsel which enjoins upon counsel the duty to exercise diligence and to aid the court * * *." *State* v. *Driscoll* (1922), 106 Ohio St. 33, 39, 138 N. E. 376. Hence, it is understandable that since the adoption of Crim. R. 52(B), this court has followed federal precedents in directing the rule be invoked only in exceptional circumstances to avoid a miscarriage of justice. *State* v. *Wolery* (1976), 46 Ohio St. 2d 316, 327, 348 N. E. 2d 351, quoting *Eaton, supra,* at page 486.

Ordinarily, therefore, the failure to object to a jury instruction violative of R. C. 2901.05(A) constitutes a waiver of any claim of error relative thereto. Further, a

---

[6] "'This Court has 'repeatedly held that the plain error rule should be applied with caution and should be invoked only to avoid a miscarriage of justice.' *Johnson* v. *United States*, 8 Cir., 291 F. 2d 150, 156. Similar pronouncements of this Court as to the noticing of plain error may be found in: *Page* v. *United States*, 8 Cir., 282 F. 2d 807, 810; *Bell* v. *United States*, 8 Cir., 251 F. 2d 490, 494; *Kreinbring* v. *United States*, 8 Cir., 216 F. 2d 671, 674; *Mitchell* v. *United States*, 8 Cir., 208 F. 2d 854, 858." *Black* v. *United States* (C. A. 8, 1962), 309 F. 2d 331, 342, certiorari denied, 372 U. S. 934.

jury instruction violative of R. C. 2901.05(A) does not constitute a plain error or defect under Crim. R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise. Notice of plain error under Crim. R. 52 (B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. The record in the instant cause does not meet the above criteria and does not contain a plain error or defect within the meaning of Crim. R. 52(B). See, also, *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 364 N. E. 2d 1364.

Appellant contends further that the trial court denied him his right to cross-examine a state witness concerning the witness' interest and bias, thereby violating appellant's right under the Sixth and Fourteenth Amendments to the Constitution of the United States, and under Section 10 of Article I of the Constitution of Ohio, to confront the witness against him. This proposition of law relates to the cross-examination of Butler, who, other than appellant, allegedly was the sole surviving eyewitness to the shooting. During cross-examination, Butler was asked whether he had pending a motion for shock probation. A prosecution objection to this question was sustained by the trial court and forms the basis of appellant's complaint.

The law is cognizant of the corrupting influence upon the testimony of a witness of his interest in the outcome of the case. Any motive likely to produce partiality may be proved to impeach a witness' credibility. In criminal cases, self-interest can be displayed when, for example, a witness testifies for the prosecution and it is later demonstrated on cross-examination that an indictment is pending against him.' Nevertheless, not all error pertaining

---

'"The law recognizes the slanting effect upon human testimony of the emotions or feelings of the witness toward the parties or the self-interest of the witness in the outcome of the case. Partiality, or any acts, relationships or motives likely to produce it, may be proved to impeach credibility. * * * *Self-interest* may be shown * * * in a criminal case when the witness testifies for the state and it is shown that

to limitation of cross-examination is reversible error.

Crim. R. 33(E) provides, in relevant part:

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"* * *

"(5) Any * * * cause, unless it affirmatively appears from the record that the defendant was prejudiced thereby or was prevented from having a fair trial."

A trial court enjoys broad discretion in admitting evidence. This court will not reject an exercise of this discretion unless it clearly has been abused and the criminal defendant thereby has suffered material prejudice. *State* v. *Hymore* (1967), 9 Ohio St. 2d 122, 128, 224 N. E. 2d 126, certiorari denied, 390 U. S. 1024.

In the case at bar, our examination of the record discloses that counsel for appellant was afforded an aggressive cross-examination of Butler. The examination elicited, among other things, Butler's admission that at the time of appellant's trial Butler was incarcerated and had been convicted of receiving stolen property.

Even if the trial court did err at this point in the cross-examination of Butler, we are convinced that no material prejudice is demonstrated by the record. The credibility of the witness was vulnerable to impeachment and encountered vigorous attack. The record compels the conclusion that any such error was harmless beyond a reasonable doubt. *State* v. *Crawford* (1972), 32 Ohio St. 2d 254, 255, 291 N. E. 2d 450; *State* v. *Roberts* (1976), 48 Ohio St. 2d 221, 225, 358 N. E. 2d 530; *cf. Davis* v. *Alaska* (1974), 415 U. S. 308.

Appellant asserts further that the trial court committed prejudicial error when it overruled his motion not to charge the jury on lesser included offenses of murder, voluntary manslaughter and involuntary manslaughter. Ap-

an indictment is pending against him, or that he is an accomplice, or co-indictee in the crime on trial." McCormick on Evidence (2 Ed.) 78-80 (1972).

pellant relies upon *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, 249 N. E. 2d 797, where it is stated at page 135:

"[I]f the trier [of the facts] could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused."

We agree with the Court of Appeals in the instant cause that the trier of the facts, assessing the evidence adduced, plausibly could reject appellant's self-defense argument and conclude that Boyd was killed purposely, but absent any prior calculation and design. The trier of the facts reasonably was able to find against the state and for appellant upon one or more of the elements of the crime with which appellant had been charged, and for the state and against appellant on the remaining elements. Thus, the trial court was correct in charging the jury upon the appropriate lesser included offenses.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., P. BROWN and SWEENEY, JJ., concur.

LOCHER, J., concurs in paragraph three of the syllabus and the judgment.

PARRINO and W. BROWN, JJ., concur in the judgment.

PARRINO, J., of the Eighth Appellate District, sitting for CELEBREZZE, J.

PARRINO, J., concurring in the judgment. I agree that the trial court's charge imposing the burden of proving self-defense on appellant was erroneous and not in conformity with R. C. 2901.05(A). See *State* v. *Robinson*

(1976), 47 Ohio St. 2d 103, 351 N. E. 2d 88; *State* v. *Humphries* (1977), 51 Ohio St. 2d 95, 364 N. E. 2d 1354.

Under our holding in *State* v. *Robinson, supra,* where a defendant has asserted a claim of self-defense, the defendant has only the burden of going forward with the evidence of a quality and nature sufficient to raise that defense, and does not have the burden of establishing such defense by a preponderance of the evidence.

The Court of Appeals in the instant cause held that appellant failed to meet the initial burden placed on him by *State* v. *Robinson, supra.* I agree with the conclusion of the Court of Appeals. Appellant specifically testified that he did not intend to shoot or kill the victim or his companion. This state of mind rebutted rather than supported the theory that he was acting in self-defense. *State* v. *Champion* (1924), 109 Ohio St. 281, 142 N. E. 141.

Under the facts of this case, appellant having failed to meet the threshold burden imposed upon him by *State* v. *Robinson, supra,* I must conclude that the court's charge on self-defense constitutes harmless error.

For these reasons I also affirm.