I concur in the majority's disposition of appellant's first, third, fourth, fifth, sixth, and eight assignments of error. I respectfully dissent from the majority's decision to sustain appellant's second assignment of error and part of the seventh assignment of error. My reasons follow.
I begin by noting appellant did not object to the instruction on count three involving kissing Jennifer on the lips as required by Crim.R 30(A). Accordingly, we are required to find plain error before reversing this count. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See, State v.Long (1978), 53 Ohio St.2d 91.
The majority finds, ". . . the jury could have construed the charge to be kissing constituted sexual contact as a matter of law." (Majority Opinion at 6, emphasis added). Following the portion of the instruction cited by the majority, the trial court continued by informing the jury the definitions of "sexual contact" and "purpose," as previously defined., also applied to count three. By referencing these earlier instructions, I believe the jury was left to consider whether the kiss constituted contact with an erogenous zone for the specific purpose of providing sexual gratification. I do not find plain error exists as to the trial court's instruction on this count.
Furthermore, as it relates to the seventh assignment of error, I do not find the failure to object to the instruction meets the second prong of the Strickland test. I do not believe had counsel objected and the instruction been clarified, a reasonable probability exists the result would have been different.
I would affirm appellant's convictions and sentences on all counts.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.