DECISION AND JOURNAL ENTRY
Defendant Derrick D. Dixon has appealed a judgment from the Summit County Common Pleas Court that found him guilty of escape, a violation of R.C. 2921.34. This Court affirms.
 I.
On November 5, 1999, Defendant was indicted by the Summit County grand jury on one count of escape, one count of theft and one count of forgery. Defendant entered a plea of not guilty, and the case proceeded to trial. The trial court dismissed the theft charge, and the remaining counts were tried before a jury. On January 14, 2000, the jury found Defendant guilty on the charge of escape and not guilty on the charge of forgery. The trial court sentenced Defendant to a term of two years. Defendant timely appealed, asserting three assignments of error. For ease of discussion, Defendant's assignments of error have been consolidated and rearranged.
 II. A. Assignment of Error Number One
 The trial court erred in overruling [Defendant's] motion for acquittal because the state of Ohio failed to prove the element of venue by proof beyond a reasonable doubt in violation of [Crim.R. 29]; the Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.
 Assignment of Error Number Three
 The conviction of [Defendant] was against the manifest weight of the evidence and should be set aside.
In his first and third assignment of error, Defendant has asserted that there was insufficient evidence to support his conviction of escape and that the verdict was against the manifest weight of the evidence. Specifically, Defendant has argued that the State failed to prove venue and that he purposely intended to escape from the Summit County Jail. This Court disagrees.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
As an initial matter, evaluations of the sufficiency of the evidence put forth by the State and the weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gully (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.Id. at 390 (Cook, J. concurring). In determining whether the State has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the State. Gully, supra, at 3. Instead, an appellate court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
 Venue
Although the State must prove the venue of the crime beyond a reasonable doubt, it is not essential that the State prove venue in express terms. State v. Vrona (1988), 47 Ohio App.3d 145, 150. Venue is proper if all the facts and circumstances presented at trial prove beyond a reasonable doubt that the crime was committed in the county alleged in the indictment. Id. Further, R.C. 2901.12 provides, in pertinent part, that:
 (A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.
In the case at bar, the indictment alleges that the crime of escape took place at the Summit County Jail in Summit County. Deputy Thomas Resek testified that he is employed at the Summit County Jail. The transcript reveals that the State asked Deputy Resek to describe his duties as a "Summit County deputy." Next, Deputy Joseph Armstead testified on behalf of the State. Deputy Armstead also stated that he worked at the Summit County Jail in the property room.
The record reveals that Defendant's attorney made a motion for acquittal at the close of the State's case, arguing that the State had failed to establish venue. The State moved to reopen the case with a stipulation that the trial court take judicial notice of the fact that the Summit County Jail is in Summit County. The trial court denied Defendant's motion for acquittal and stated that "venue is pretty obvious." The trial court took judicial notice on the record that the Summit County Jail is in Summit County, outside the presence of the jury.
Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the evidence was sufficient to prove venue in Summit County. Both Deputy Resek and Armstead testified that they were employed at the Summit County Jail. It is reasonable for the jury to infer from the facts and circumstances presented at trial that the Summit County Jail is in Summit County. Accordingly, Defendant's argument that the State failed to prove venue is without merit.
 Escape
R.C. 2921.34 provides that:
 (A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
Initially, this Court notes that Defendant did not contest the fact that he was under detention in the Summit County Jail. At trial, Deputy Resek stated that he was responsible for watching inmates in the Summit County Jail. He identified Defendant as one of the inmates in his charge on November 5, 1999. Deputy Resek testified that he received a message on the radio from the property deputy to release "Dixson in 58."[1]
Deputy Resek responded to the call by stating that he didn't have a Dixon in 58, but had a Dixon in 56 (Defendant). He told Defendant to pack up his items. Deputy Resek recalled that Defendant had a surprised look on his face and packed up his possessions quickly.
Deputy Armstead testified that he received a bond for Damon Dixson. He stated that the bond is forwarded to him before the actual release of an inmate. The inmate must sign this paper in front of Deputy Armstead before leaving the jail. Defendant signed the bond in the presence of Deputy Armstead; however, his signature was illegible. Deputy Armstead admitted that he did not check Defendant's photo identification tag to see if Defendant's name matched the name on the bond. Deputy Armstead acknowledged at trial that if he would have compared the two names he would have noticed the difference.
Mary Carringer, a friend of Defendant, testified on behalf of the State. Ms. Carringer received a phone call from Defendant the day he left the Summit County Jail. She testified that later that evening Defendant came to her house and told her that he was released from jail under someone else's name. Ms. Carringer stated that she allowed Defendant to stay at her house only after he promised to turn himself in to the police. She testified that Defendant did not turn himself in to the police.
Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the evidence was sufficient to prove that Defendant purposely intended to break his detention in the Summit County Jail. The evidence at trial established that Defendant was incarcerated in the Summit County Jail on November 5, 1999. Deputy Armstead testified that the bond sheet was for Damon Dixson, not Defendant. Ms. Carringer testified that Defendant stated that he was released as someone else. This Court concludes that the jury did not lose its way in finding Defendant guilty of escape. Because this is not an exceptional case in which the weight of the evidence warrants a new trial, Defendant's first and third assignments of error are overruled.
 B. Assignment of Error Number Two The trial court erred when it failed to charge the jury as to all matters of law necessary for the information of the jury to make its verdict as required by [R.C. 2945.11].
In his second assignment of error, Defendant has argued that the trial court erred in failing to instruct the jury on all matters of law. Specifically, Defendant has asserted that the trial court failed to instruct the jury that venue should be established beyond a reasonable doubt. In its brief, the State has asserted that Defendant waived his argument by failing to object to the jury instructions at trial. A review of the record indicates that the Defendant's attorney did not object to the jury instructions. Because the issue of the jury instructions was not preserved for appeal, this Court must determine whether the trial court committed plain error.
"Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. This Court will only apply Crim.R. 52(B) if it is clear that, but for the alleged error, the outcome of the trial would have been different. State v. Keen (Mar. 24, 1999), Lorain App. No. 97CA006900, unreported, at 4. Further, R.C. 2945.11 mandates that a trial court must instruct the jury on all matters of law necessary for the jury to reach its verdict.
In the case at bar, the trial court provided the jury with the following instruction:
 Now, before you can find [Defendant] guilty of escape, you must find beyond a reasonable doubt that on or about November 5, 1999, in Summit County, Ohio, [Defendant], knowing he was under detention, purposely broke such detention.
Based on the foregoing, this Court concludes that the trial court instructed the jury on all maters of law necessary. The trial court stated the elements for escape, which included venue. The trial court also stated that the jury must find beyond a reasonable doubt that Defendant committed the offense. Accordingly, Defendant's argument that the trial court failed to instruct the jury on all matters of law is without merit.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________ BETH WHITMORE
FOR THE COURT, SLABY, P. J., CARR, J., CONCUR.
[1] The record indicates that Damon Dixson was an inmate who was supposed to be released on November 5, 1999. Mr. Dixson's name is similar to Defendant's name.