JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Gary Davis ("defendant") appeals from the judgment of the trial court which, after a jury trial, found him guilty of aggravated robbery with a firearm specification. He was sentenced to a total of six years incarceration. For the reasons set forth below, we affirm the judgment of the trial court.
{¶ 2} Defendant was indicted on one count of aggravated robbery in violation of R.C. 2922.01 with a firearm specification. The defendant plead not guilty and the matter proceeded to a jury trial on July 16, 2001.
{¶ 3} The state's evidence revealed that on February 22, 2001 at about 2:00 p.m., Amon Brown and his friend Keith Allen were in the Outhwaite public housing facilities in Cleveland. They were there to visit a friend. Mr. Brown was wearing a very new leather jacket, a necklace, gold ring and a pager. As they walked toward the apartment building, they passed a few men who were questioning them about why they were there. Mr. Brown stated that he just waved his hand at them, replied in a curt manner and proceeded into the apartment. Finding the person they went to visit not home, the two immediately left the apartment building. As they were exiting the building, the men whom they had encountered earlier approached them again. Mr. Brown testified that when Mr. Allen saw the defendant holding a gun he ran. The defendant approached Mr. Brown and robbed him at gunpoint, taking his jacket, necklace, ring and pager. Immediately after the incident, Mr. Brown fled back to his friend's car, but noticed a patrol car. He reported the incident to the officer and the officer told Mr. Brown to get into the patrol car. The officer drove Mr. Brown to the area where the robbery occurred, at which point Mr. Brown identified one of the co-defendants. Mr. Allen testified, corroborating the events as Mr. Brown had described them. He also stated that he saw two men with guns at the time the robbery took place.
{¶ 4} The state also presented testimony of two police officers. Both officers testified that a few days after the incident on February 28th, they received a call to assist in looking for suspects from an aggravated robbery from days prior. They stated that upon arrival at the scene, Mr. Brown identified the defendant as the perpetrator. Lastly, the state presented testimony of Detective James Alexander who stated that after the robbery, he asked Mr. Brown to describe each item that was taken from him. The detective was thereafter notified that two suspects had been arrested, one of whom had, what was suspected to be, Mr. Brown's property on his person. The detective contacted Mr. Brown for proof that the items belonged to him, at which point Mr. Brown gave the detective a picture of himself wearing the necklace. The detective then seized the necklace as evidence. On re-direct examination, the detective stated that he was aware that a third co-defendant had pled guilty to the robbery. At the close of the detective's testimony, a juror submitted a written question. The transcript, in relevant part, reads:
 {¶ 5} JUROR 12: the victim's friend stated there were only two robbers. We have now heard three names mentioned * * * Can you explain the discrepancy?
 {¶ 6} WITNESS: Well, initially, there were two guys mentioned in this arrest on the 28th. The third guy was brought up by the co-defendants as one of the males that acted as a lookout. So that's why he was arrested.
{¶ 7} Defendant was thereafter found guilty and sentenced. It is from this ruling that the defendant now appeals, asserting one assignment of error for our review.
 I. {¶ 8} THE TRIAL COURT ERRED WHEN IT PERMITTED THE JURORS TO QUESTION THE WITNESSES.
{¶ 9} The defendant contends that the trial court erred in permitting a juror to submit a written question to a witness and in allowing the witness to answer the question. We disagree.
{¶ 10} The defendant did not object to the jury questioning at trial. Therefore, the defendant has waived all but plain error. Pursuant to Crim.R. 52(B), plain errors or defects which affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. Notice of plain error, however, applies only under exceptional circumstances to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Maryland (1990), 50 Ohio St.3d 58, 62,552 N.E.2d 894, State v. Phillips (1995), 74 Ohio St.3d 72, 83,1995-Ohio-171, 656 N.E.2d 643. Thus the instant inquiry is whether the trial court's allowing a juror to question a witness rises to the level of plain error. We conclude it does not.
{¶ 11} The defendant does not allege that, had the questioning by the juror not been permitted, the outcome of the trial would have been otherwise, nor does he allege that the questioning prejudiced him in any way. Furthermore, the question that the juror submitted to the witness did not concern the defendant, rather it related to whether a third co-defendant had been present. Finding that no prejudice resulted to the defendant as a result of the question, we need not reach the issue of whether the trial court should have allowed the juror to question the witness. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS. PATRICIA ANN BLACKMON, P.J.,CONCURS IN JUDGMENT ONLY