ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant James D. Sullivan appeals, pro se, from the trial court's order that denied his" Notice of Plain Error" and motion to withdraw guilty plea. For the reasons that follow, we affirm.
 {¶ 3} The procedural facts pertinent to these cases have been before this Court on at least three prior occasions. See State v.Sullivan (May 9, 1991), Cuyahoga App. No. 58427 ("Sullivan I"); State v.Sullivan (Oct. 15, 1998), Cuyahoga App. Nos. 72878 and 72879 ("SullivanII"); and State v. Sullivan (Dec. 23, 1999), Cuyahoga App. Nos. 74735 and 74736 ("Sullivan III"). We incorporate the facts relating to the charges, plea, and sentence as detailed in those appeals herein.
 {¶ 4} Defendant pled guilty to various charges in Case Nos. CR-176531 and CR-177185 on December 3, 1982. Seven years later, this Court granted defendant's motion to file a delayed appeal. In SullivanI, this Court discussed both cases and defendant's guilty plea. This Court "emphasize[d] that the guilty plea is valid as to all of the offenses because the appellant did in fact admit that he was guilty of each and every offense. * * * It is thus not necessary to vacate the entire guilty plea and start all over. The plea is good because all of the procedures [Crim.R. 11] were followed." Id. This Court affirmed the judgment of the trial court. Id.
 {¶ 5} The court revisited these cases in Sullivan II and III, which were appeals from the denial of defendant's motion for postconviction relief and his motion under Civ.R. 60(B), respectively. In both instances, this Court found no merit to the assigned errors.
 {¶ 6} On January 5, 2001, defendant filed a "Notice of Plain Error Pursuant to Crim.R. 52(B)" with the trial court under Case Nos. CR-176531 and CR-177185. Therein, defendant moved the trial court to vacate his guilty plea in Case No. CR-176531 and to resentence him in Case No. CR-177185. On March 6, 2003, defendant filed a motion to withdraw guilty plea pursuant to Crim.R. 32.1 for breach of plea agreement. On April 28, 2003, the trial court issued a memorandum of opinion and order finding defendant's "Notice of Plain Error" not well taken and denying the motion to withdraw guilty plea.
 {¶ 7} On appeal, defendant assigns the following errors:
 {¶ 8} "I. The trial court abused its discretion and otherwise prejudiced the appellant when it made incorrect findings of fact and conclusions of law in its ruling regarding the plain errors that occurred at the appellant's plea and sentencing.
 {¶ 9} "II. The trial court abused its discretion and otherwise prejudiced the appellant when it declined to consider the appellant's motion to withdraw guilty plea under the theory that the proper remedy was in declaratory judgment."
 {¶ 10} "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 11} "Once a plea is made, the trial court may accept the plea of guilty and enter a finding of guilt and sentence the defendant, or it may reject the plea, enter a plea of not guilty, and set the matter for trial. However, where a guilty plea is not knowingly, voluntarily, and intelligently made, it may not be accepted by the trial court. A plea of guilty is an implied admission of sanity, and the court's action in accepting such plea was necessarily an affirmation of the court's belief in defendant's sanity." State v. Timmons, Stark App. No. 2001, 2002-Ohio-1133 (because defendant failed to raise the issue of his pending not guilty by reason of insanity plea before the trial court at the time he entered his guilty plea, it was waived on appeal).
 {¶ 12} Having thoroughly reviewed the record and the applicable law, we find that the trial court did not abuse its discretion but rather made correct findings of fact and conclusions of law in its ruling. Accordingly, we adopt the trial court's well-reasoned memorandum of opinion and order in toto as contained in the record. (R. 75, Mem. of Opn. and Ord.).
 {¶ 13} Assignments of Error I and II are overruled.
 {¶ 14} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., concurs.
Ann Dyke, J., concurs in Judgment only.