JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Cornelius Kitts ("defendant") appeals from the judgment entered pursuant to a jury verdict finding him guilty of intimidation. Defendant also claims that the trial court made erroneous evidentiary rulings and that he was denied effective assistance of counsel. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} At trial, the following facts were established: On the afternoon of December 11, 2001, Det. Michael Qualey and Det. Joseph DeGregorio of the Cleveland Police Department were on patrol in the area of Portage and Adolphia in an unmarked police car. They observed the defendant walking a large dog down the street. After driving past him, they saw him step into the street and begin to gesture and yell at them. The detectives backed up their car and asked the defendant if there was something wrong. Defendant began swearing at them. The detectives called for backup and as they began to exit their car, defendant told them, "If you get out of that car, my dog is going to kill you." The dog began to growl and pull toward the car after defendant made that threat. Defendant again threatened the detectives, telling them he would let go of the dog if they got out of the car.
 {¶ 3} The detectives exited their car with their weapons drawn but pointed toward the ground. Det. Qualey told the defendant that he would be forced to shoot the dog if he released the leash. Defendant started walking backwards and continued to threaten the detectives that he would release the dog and it would "eat their faces off." After following the defendant down the block, defendant's sister, Conswella Kitts, came out of her house on Portage Avenue and took the dog inside. The defendant then produced identification for the detectives and it was discovered that he had marijuana on his person and a warrant for contempt of court.
 {¶ 4} On January 11, 2002, the Cuyahoga County Grand Jury indicted defendant on two counts of intimidation in violation of R.C. 2921.03.
 {¶ 5} On August 28, 2003, a jury trial began. On August 29, 2003, the jury returned guilty verdicts on both counts charged in the indictment. Defendant was sentenced to two years of incarceration. Defendant now appeals and raises the following four assignments of error for our review.
 {¶ 6} "I. Defendant was denied due process of law by reason of introduction of improper evidence and improper arguments by the prosecuting attorney."
 {¶ 7} In his first assignment of error, defendant argues that he was unfairly prejudiced when the State introduced irrelevant evidence at trial and made improper statements during closing arguments. Since defendant's attorney failed to object during the State's examination, we will review under a plain error standard.State v. Long (1978), 53 Ohio St.2d 91. Plain error exists when, but for the error, the outcome of the trial would have been different. State v. Moreland (1990), 50 Ohio St.3d 58, 62.
 {¶ 8} Defendant first argues that he was denied a fair trial when the trial court allowed the State to make reference to his criminal history and to the marijuana found on his person. Specifically, defendant claims that the testimony of Det. Qualey was so prejudical as to warrant a new trial.
 {¶ 9} Evid.R. 404(B) states:
 {¶ 10} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 11} In a criminal case where the defendant alleges that it was prejudicial error to allow the jury to hear certain testimony, the reviewing court must first determine if it was error to allow the jury to hear the testimony and, if so, whether such error was prejudicial or harmless. State v. Davis (1975),44 Ohio App.2d 335. An error is harmless if it does not affect a substantial right of the accused. Crim.R. 52(A).
 {¶ 12} Here, we agree that the evidence relating to the marijuana and the contempt of court warrant was not relevant to any proper purpose under Evid.R. 404(B). However, there is no reasonable probability that this testimony contributed to defendant's conviction for intimidation. As will be discussed later, there was significant evidence of defendant's guilt to support the conviction for intimidation. Accordingly, we cannot say that the admission of this evidence contributed to defendant's intimidation conviction and the admission of such evidence is harmless error. See State v. Jackson, Franklin App. No. 02AP-867, 2003-Ohio-6183. Defendant's intimidation conviction will be addressed separately.
 {¶ 13} Next, defendant contends that comments the prosecutor made during his closing statement were improper and unfairly prejudicial. Specifically, defendant cites to the following statements made by the prosecutor:
 {¶ 14} "Prosecutor: Each and every element of this offense has been proven beyond a reasonable doubt. (Tr. 102).
 {¶ 15} "* * *
 {¶ 16} "Prosecutor: * * * and we ask that you protect them by finding him guilty of every charge * * *." (Tr. 108).
 {¶ 17} We find no plain error in the prosecutor's closing statements individually or taken as a whole. These comments do not prejudice the defendant and when taken in context are merely statements by the prosecutor that the State had proven its case and that a verdict of guilty was appropriate.
 {¶ 18} Assignment of Error I is overruled.
 {¶ 19} "II. Defendant was denied due process of law when the court overruled defendant's motion for judgment of acquittal."
 {¶ 20} In this assignment of error, defendant challenges the adequacy of the evidence presented at trial and argues that the State failed to present sufficient evidence to support his convictions and that his convictions are against the manifest weight of the evidence. We disagree.
 {¶ 21} Sufficiency
 {¶ 22} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 23} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 24} Here, defendant was charged with intimidation in violation of R.C. 2921.03(A), which provides, in pertinent part, as follows:
 {¶ 25} "(A) No person, knowingly and by force, by unlawful threat of harm to any person * * * shall attempt to influence, intimidate, or hinder a public servant * * * in the discharge of the person's duty."
 {¶ 26} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant knowingly attempted to intimidate two police officers while in the discharge of their duty and the trial court properly denied his motion for acquittal.
 {¶ 27} Here, Det. Qualey of the Cleveland Police Department testified that while he and his partner were on patrol on the afternoon of December 11, 2001, the defendant began swearing at them and threatened to release his dog to attack, kill, and "eat [their] faces off." He testified that the defendant continued to threaten the detectives that he would release his dog until the defendant's sister came out of her house and took the dog inside.
 {¶ 28} When this evidence is viewed in the light most favorable to the State, the court could find that defendant attempted to intimidate the police officers when he threatened them with his dog. Accordingly, this Court concludes that any rational trier of fact could have found the essential elements of intimidation proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
Manifest Weight
 {¶ 29} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 30} Here, Det. Qualey testified that the defendant made numerous threats to him and his partner that he would release his dog to kill them. Although the defendant's sister testified that the dog was merely upset because the police officers had their weapons out, she also admitted that she did not hear and/or know if the defendant had made any threatening or inflammatory comments toward the police officers prior to her coming out of the house. Under these circumstances, we conclude that the same facts that overcome a sufficiency of the evidence claim also overcome his manifest weight argument.
 {¶ 31} Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in finding defendant guilty of intimidation. We find substantial, competent, credible evidence upon which the jury could base its decision that defendant knowingly threatened to harm the police officers while they were in the discharge of their official duties.
 {¶ 32} Assignment of Error II is overruled.
 {¶ 33} "III. Defendant was denied due process of law when he was convicted of intimidation based upon his constitutional exercise of his right to free speech."
 {¶ 34} In his third assignment of error, defendant argues that his conviction violates his constitutional right of free speech. Specifically, he claims that the language he directed at the detectives, while crude, was a valid exercise of his right of free speech. In support of this position, he cites numerous cases which state that the First Amendment protects verbal criticism, challenges, and profanities directed at police officers. Defendant's reliance on these cases is misplaced inasmuch as defendant was not convicted of intimidation because he used profanity toward the detectives. Rather, he was convicted of intimidation because of his threat to the detectives that he would release his dog so that it would "kill them" and "eat their faces off." Accordingly, his conviction for intimidation did not violate his right to free speech.
 {¶ 35} Assignment of Error III is overruled.
 {¶ 36} "IV. Defendant was denied due process of law when he was convicted of a criminal offense when he was seized unconstitutionally."
 {¶ 37} In his fourth assignment of error, defendant argues that his seizure by the detectives violated his constitutional rights under the Fourth Amendment. Specifically, he claims that the detectives were not justified in drawing their weapons simply because he swore at them. In support of this position, he cites numerous cases which involve investigative stops. His reliance on these cases is misplaced inasmuch as the circumstances here do not involve an investigative stop. Rather, the detectives drew their weapons after the defendant threatened them with his dog. At that point, defendant had already committed the offense of intimidation and the detectives had probable cause to arrest him. Accordingly, defendant was not illegally or unconstitutionally seized.
 {¶ 38} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Cooney, J., Concur.