[Cite as *State v. Hakes*, 2014-Ohio-4950.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| CASEY P. HAKES | : | Case No. 14-CA-2 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 13 CR 223



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 November 5, 2014



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GREGG MARX                                DAVID A. SAMS
239 West Main Street                      P.O. Box 40
Suite 101                                 West Jefferson, OH  43162
Lancaster, OH  43130

*Farmer, J.*

{¶1}   On April 19, 2013, the Fairfield County Grand Jury indicted appellant, Casey Hakes, on one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16.  Fairfield County Sheriff's Deputy Don Abram discovered a firearm in a pocket on the back of the front passenger's seat of appellant's vehicle after stopping him for erratic driving.

{¶2}   A jury trial commenced on November 5, 2013.  The jury found appellant guilty as charged.  By judgment entry filed December 19, 2013, the trial court sentenced appellant to fourteen months in prison, suspended in lieu of thirty months of community control.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE DEFENDANT-APPELLANT WAS DENIED THE RIGHT TO CONFRONT AND DEFEND UNDER OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

II

{¶5}   "THE DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL BY PROSECUTORIAL MISCONDUCT CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS."

I, II

{¶6}   Appellant's two assignments will be addressed together because they center upon the unavailability of a witness, appellant's brother, Tyler Hakes, who

invoked his Fifth Amendment privilege against self-incrimination. Appellant claims as a result, he was denied the right to confront witnesses on his own behalf thereby suffering prejudice and violating his right to a fair trial. In addition, appellant claims his brother pled the Fifth after the state threatened to prosecute him.

{¶7} The gravamen of this appeal is a conflict between Tyler Hakes's right to invoke his Fifth Amendment privilege and appellant's right to confront his accusers and present witnesses on his own behalf.

{¶8} Appellant was charged with violating R.C. 2923.16(B) which states: "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

{¶9} During opening statement, defense counsel argued appellant did not have any knowledge that the firearm was in the vehicle, and appellant's brother would testify that he had placed the firearm in the vehicle unbeknownst to appellant. T. at 66. Before these statements were made, the trial court, in chambers, had asked the state about any possible prosecution of Tyler Hakes (T. at 40):

THE COURT: Okay. Thank you. One more thing I wanted to ask though. I had the Magistrate ask I think one or both of your (sic) this morning, it was off the record right before we started when I learned that Tyler Hakes may be a witness, I didn't know if he was charged with anything out of this or anything.

MS. BENNETT: Not yet, Your Honor.

THE COURT: And because if he was, then we would need to have

- - potentially have an attorney here to represent him and so forth.

MS. BENNETT: I think that's a possibility.

{¶10} The prosecutor was concerned with Tyler Hakes's role in providing appellant with "a loaded weapon in the motor vehicle" as she did not "know what all of his testimony is going to be because we just found out about him last Thursday." T. at 41.

{¶11} The state presented the testimony of Deputy Abram who testified upon stopping appellant for erratic driving, he observed a firearm sticking out of a pocket behind the front passenger's seat. T. at 74. The firearm was loaded. T. at 77. Appellant did not have a conceal carry permit. T. at 72. Appellant told Deputy Abram he had purchased the firearm from his brother two years prior for his protection. T. at 78. The state admitted State's Exhibit 1, the ATF Report establishing that Tyler Hakes was the original purchaser of the firearm. T. at 80.

{¶12} After the state rested its case-in-chief, the issue of Tyler Hakes's testimony was again discussed. The trial court provided Tyler Hakes with counsel and asked him specific questions. T. at 113-117. The trial court then provided time for Tyler Hakes to consult with his counsel, after which the trial court was notified that Tyler Hakes would invoke his Fifth Amendment privilege. T. at 117-118. Thereafter, Tyler Hakes was sworn in as a witness, and to all questions other than introductory, pled the Fifth. T. at 126-128. No proffer was made as to what the answers to the questions

would have been.  The only reference was in defense counsel's opening statements noted above.

{¶13}  Appellant argues the trial court's inquiries and efforts were insufficient. Appellant argues the trial court should have inquired as to why Tyler Hakes was invoking his Fifth Amendment privilege as such an inquiry would have proved his fears were groundless.  We disagree with this position.

{¶14}  The trial court provided independent counsel for Tyler Hakes, gave extra time for the two to consult, and told Tyler Hakes not to reveal his discussions with counsel on the record.  In addition, defense counsel did not object to the procedure employed.  An error not raised in the trial court must be plain error for an appellate court to reverse.  *State v. Long,* 53 Ohio St.2d 91 (1978); Crim.R. 52(B).  In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.  *Long.*  Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *Id.* at paragraph three of the syllabus. Given the testimony of Deputy Abram noted above, we do not find plain error.

{¶15}  Appellant also argues the state prejudiced his rights to a fair trial by threatening Tyler Hakes with prosecution.  The only indication of this was the state's position relative to the trial court's inquiry in chambers prior to opening statements of possible prosecution as cited above.  The prosecutor never spoke directly to Tyler Hakes regarding potential prosecution.  We find no prosecutorial misconduct in merely stating the truth and in fact initiating the need for independent counsel for Tyler Hakes.

{¶16}  Assignments of Error I and II are denied.

{¶17}  The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

SGF/sg 1024