[Cite as *State v. Sari*, 2021-Ohio-944.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109676 |
| v. | : | |
| AMEEN SARI, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 25, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636549-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney,
and Carl Sullivan, Assistant Prosecuting Attorney, *for appellee.*

The Mizanin Law Firm and John D. Mizanin, Jr., *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Ameen Sari ("Sari") appeals from his convictions for attempted unlawful sexual conduct with a minor, importuning, and possession of criminal tools. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On February 1, 2019, a Cuyahoga County Grand Jury indicted Sari on one count of attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02 and 2907.04(A), one count of importuning in violation of R.C. 2907.07(D)(2), and one count of possessing criminal tools in violation of R.C. 2923.24(A). Sari pleaded not guilty to these charges, and the case proceeded to a jury trial.

{¶ 3} These charges were the result of an investigation conducted by the Internet Crimes Against Children ("ICAC") task force on January 22, 2019. Sari initiated a sexually explicit conversation with an investigator posing as a 15-year-old on the anonymous social networking application Whisper. Sari engaged in a sexually explicit conversation with the undercover officer and ultimately arranged a time and place to meet at a park in Parma Heights, Ohio. Sari was apprehended, interviewed, and ultimately arrested when he admitted that he came to the park to meet someone.

{¶ 4} Voir dire took place on March 3, 2020. The court asked prospective jurors whether they had been the victim of a crime. Relevant to this appeal, the following exchange took place:

> THE COURT: Okay. I asked some questions before about being victim of crime of violence like this. Anything like that?
>
> JUROR NO. 16: Yes.
>
> THE COURT: Want to talk about that?

JUROR NO. 16: Sure. My 10-year-old daughter was the victim of an online attempt, and thanks to these guys here they caught him.

THE COURT: Fair enough. Any close family members or friends in law enforcement?

JUROR NO. 16: No.

THE COURT: Any prior service?

JUROR NO. 16: No, never.

THE COURT: The situation with your daughter, is that going to affect your ability in this case?

JUROR NO. 16: Probably.

Following this exchange, the court, the prosecutor, and defense counsel inquired about the situation further outside of the presence of the other prospective jurors. Upon hearing Juror No. 16 reiterate that she would be unable to be fair and impartial in the trial, defense counsel requested that the court dismiss the juror for cause. Subsequently, the court released Juror No. 16 for cause and voir dire proceeded.

{¶ 5} Once a jury was selected and impaneled, trial began later that day. On March 5, 2020, Sari was found guilty of all three counts. The court referred Sari to the probation department for a presentence investigation and report. On March 16, 2020, the trial court sentenced Sari to two years of community control and to register as a Tier II sexual offender for a period of 25 years.

{¶ 6} This appeal follows. Sari presents two assignments of error for our review.

## Assignments of Error

I. The trial court erred when it failed to declare a mistrial as a result of the potential jury member introducing an undue influence into the remaining jurors.

II. Sari received ineffective assistance of counsel when counsel did not seek a mistrial when a potential juror spoke positively about the Internet Crimes Against Children Task Force ("ICAC") with a personal story.

## Legal Analysis

{¶ 7}   In his first assignment of error, Sari argues that the trial court erred when it failed to declare a mistrial as a result of Juror No. 16 exerting undue influence over the remaining prospective jurors.

{¶ 8}   Specifically, Sari argues that Juror No. 16's praise and gratitude to ICAC and her personal experience with them — stating that her young daughter was the victim of an online predator and ICAC "caught him" — had a prejudicial effect on the remaining prospective jurors.  According to Sari, this comment personalized the events of the trial and provided a face with which the remaining prospective jurors could empathize, thereby introducing bias.  Therefore, Sari asserts that the trial court should have declared a mistrial.

{¶ 9}   R.C. 2945.36 provides:

> The trial court may discharge a jury without prejudice to the prosecution:
>
> (A) For the sickness or corruption of a juror or other accident or calamity;
>
> (B) Because there is no probability of such jurors agreeing;

(C) If it appears after the jury has been sworn that one of the jurors is a witness in the case;

(D) By the consent of the prosecuting attorney and the defendant.

Generally, a trial court has broad discretion in determining a prospective juror's ability to be impartial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 73. A court's determination in a voir dire proceeding of a prospective juror's fairness and impartiality constitutes reversible error only when it can be shown that the court, in conducting the examination, clearly abused its discretion. *State v. Williams*, 6 Ohio St.3d 281, 288, 452 N.E.2d 1323 (1983).

{¶ 10} Here, upon hearing that Juror No. 16's ability to be impartial in this case would likely be impacted by the experience with her daughter, the trial court dismissed the juror for cause. Sari's counsel did not request a mistrial or otherwise object to the trial court's resolution of the issue. Therefore, Sari has waived all but plain error. *State v. Ivory*, 8th Dist. Cuyahoga No. 79722, 2002-Ohio-1275. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Phillips*, 74 Ohio St.3d 72, 80, 1995-Ohio-171, 656 N.E.2d 643, quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

{¶ 11} Sari has failed to show how the comment made by Juror No. 16 constituted a manifest miscarriage of justice. His unsupported assertion that the comment somehow prejudiced the jury pool is insufficient to show plain error. Therefore, Sari's first assignment of error is overruled.

{¶ 12} In his second assignment of error, Sari argues that he received ineffective assistance of counsel when his trial counsel failed to object or seek a mistrial following the incident described in his first assignment of error. To succeed on an ineffective assistance of counsel claim, the appellant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

{¶ 13} Sari argues that his counsel was deficient for failing to object or ask for a mistrial following Juror No. 16's comment about her experience with ICAC. The record does not indicate that this comment had any impact on the jury, and Sari has failed to set forth clear evidence that this comment deprived him of a fair trial by improperly influencing the jury. *State v. Humphries*, 5th Dist. Stark No. 06CA00156, 2008-Ohio-388, ¶ 44, citing *State v. Benge*, 75 Ohio St.3d 136, 144, 1996-Ohio-227, 661 N.E.2d 1019. Therefore, Sari has failed to establish that he suffered prejudice that would satisfy the second prong of the *Strickland* test described above. Because ineffective assistance of counsel requires a showing of both deficient performance and prejudice, Sari's ineffective assistance claim fails. Therefore, Sari's second assignment of error is overruled.

**{¶ 14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR