{¶ 86} I do not agree that the prosecutor's several statements of his personal opinion concerning either what the evidence showed or whether the witnesses were or were not credible is so insignificant as to be harmless error. Jurors tend to heed what lawyers say to them, especially prosecutors who represent the interests of the state and, by implication, the force of the law. That's what makes such expressions of opinion harmful to a defendant's right to a fair trial.
 {¶ 87} What any attorney believes concerning an issue relevant to a defendant's guilt or innocence of a crime with which he is charged has no connection to the issues the jury must decide. "[T]o make a statement which is wholly calculated to prejudice the jury against the opposition on a matter wholly unconnected with the case, and which by no possibility could have any bearing on it, is reprehensible and amounts to misconduct." Markus, "Trial Handbook For Ohio Lawyers," (2003 Ed.) Section 35.:7, at p. 800. Indeed, trial courts have a sua sponte responsibility to control such misconduct. State v. Malterer
(Sept. 15, 1987), Tuscarawas App. No. 86AP100071.
 {¶ 88} In Malterer, the prosecutor persisted in suggesting to the jury that other evidence existed, evidence which the court had excluded. Unlike Malterer, where the defendant objected, no objection was made here to the prosecutor's several statements of personal opinion. And, most likely on that account, the court neither intervened nor admonished the prosecutor.
 {¶ 89} The most significant difference between the facts here and those in Malterer is that, here, there is no basis to find that the prosecutor acted out of a perverse motive. The explanation is more likely inadvertence or inexperience. That does not avoid the further question of whether the trial court committed plain error when it failed to intervene. Plain error does not exist unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Long (1978),53 Ohio St.2d 91.
 {¶ 90} The trial was a swearing contest between the State's eyewitness and Defendant, though the eyewitness' testimony was probably more supported by corroborative facts, such as her description of Defendant's vehicle. Further, though it didn't intervene to stop the prosecutor's statements of opinion, the court had admonished the jury before the arguments began that what the attorneys might say is not evidence. Juries are presumed to comply with the court's instructions. Therefore, I cannot find that plain error is shown, and on that account would overrule Defendant's first assignment of error.
 {¶ 91} Defendant argues in his second assignment of error that his trial counsel was ineffective for failing to object to the prosecutor's statements. The initial inquiry is whether Defendant was prejudiced as a result. Strickland v. Washington
(1984), 466 U.S. 168. The relevant standard is that, absent counsel's failure, the trier of fact would have had a reasonable doubt respecting guilt. Id. Further, the showing must be made by a defendant who makes an ineffective assistance of counsel claim. I cannot find that Defendant has made the required showing, and would overrule his second assignment of error on that basis.