OPINION
{¶ 1} On July 30, 2004, the Fairfield County Grand Jury indicted appellant, Scott Canfield, on one count of rape in violation of R.C. 2907.02, four counts of kidnapping in violation of R.C. 2905.01, one count of abduction in violation of R.C.2905.02, one count of aggravated burglary in violation of R.C.2911.11 and one count of domestic violence in violation of R.C.2919.25. Said charges arose from an incident involving appellant's girlfriend, Barbara Bowers.
 {¶ 2} A jury trial commenced on March 15, 2005. The jury found appellant guilty as charged save for two counts of kidnapping. By judgment entry of sentence filed May 19, 2005, the trial court sentenced appellant to an aggregate term of twenty-seven years in prison, and classified appellant as a sexual predator.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO THE FAILURE OF COUNSEL BELOW TO KEEP PREJUDICIAL AND INADMISSIBLE EVIDENCE FROM REACHING THE JURY."
 I {¶ 5} Appellant claims he was denied the effective assistance of trial counsel. Specifically, appellant challenges testimony concerning his past criminal record, his incarceration pending trial, allegations he was a "woman-beater" and a possible polygraph test. Appellant claims his trial counsel should have raised objections on the admissibility and relevancy of this evidence. We disagree.
 {¶ 6} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011. Appellant must establish the following:
 {¶ 7} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 8} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 9} Appellant points to pages 329-352 of the trial transcript as to where the errors occurred. These pages contain the transcript of two taped telephone calls between appellant and his brother-in-law, Tad Myer. Included in these two conversations is the fact that appellant was in jail (T. at 330, 340), he had a plea deal if he passed a polygraph test (T. at 331-332), and he did not do anything to Ms. Bowers. T. at 334, 343-344. Mr. Myer accused appellant of committing the offenses and called him a "woman-beater." T. at 343, 345, 352. Appellant admitted to being present in Ms. Bowers's home on the night in question (T. at 343-344, 349), but denied ever saying he was going to beat or kill her. T. at 343-345.
 {¶ 10} As objections were not raised, we must review these arguments under the plain error standard. An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 11} Evid.R. 104 places the trial court in the position of determining admissibility of evidence. Relevant evidence, as defined by Evid.R. 401, "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Further consideration is required under Evid.R. 403(A) which states, "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 12} We find there is probative value in the information elicited from appellant about his whereabouts on the evening in question and his prior threats to Ms. Bowers. We note the two telephone calls are not genteel in language as they include a verbal argument between Mr. Myer and appellant over money. Clearly there was animosity between the parties, showing a bias against appellant by Mr. Myer. However, because of appellant's admissions, they were relevant. Further, because appellant presented his defense to Mr. Myer during the second telephone call, it was within the province of trial strategy for defense counsel not to object. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight."State v. Post (1987), 32 Ohio St.3d 380, 388.
 {¶ 13} Upon review, we find defense counsel was not deficient in failing to object, and the decision to not object was within the scope of trial strategy.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.