JOURNAL ENTRY AND OPINION
{¶ 1} Tony Alexander appeals following his conviction on one count of possession of drugs. He claims that he was deprived of a fair trial because of erroneous jury instructions and because his counsel was ineffective in failing to object to these instructions at trial. We affirm.
 {¶ 2} The record reveals that on November 1, 2004, Officer Jeffrey Canter was running surveillance on a residence in Maple Heights when he observed the following altercation at 14513 Granger Road: A man and a woman were arguing outside of the house; the man then entered a blue truck and drove it across the front lawn of the house. Officer Canter continued to watch as the truck then traveled eastbound on Libby Road and onto a bridge, driving in the westbound traffic lane. Eventually the truck passed over the median and into the proper lane of travel, traveling at a high rate of speed. Officer Canter then called for backup in the area of Lee Road and Libby Road.
 {¶ 3} Officer Joseph Mocsiran responded to the backup call and, when the truck stopped at a red light, both officers maneuvered their cars to create a roadblock to prevent the driver from leaving. As Officer Canter approached the truck, he saw the driver drop something out of his window and notified Officer Mocsiran. Officer Mocsiran retrieved the discarded object and discovered what appeared to be a crack pipe wrapped in a white paper towel. The pipe was later sent to the laboratory for analysis and tested positive for cocaine residue.
 {¶ 4} In February 2005, Alexander was indicted on one count of possession of drugs in violation of R.C. 2925.11, specifically, possession of cocaine in an amount less than five grams. Following a jury trial in July 2005, Alexander was found guilty and sentenced to six months' imprisonment. He appeals from his conviction in the assignments of error set forth in the appendix to this opinion.
 {¶ 5} In his first assignment of error, Alexander contends that he was deprived of his constitutional right to an impartial jury. Specifically, he asserts that the trial court erred when it failed to follow the jury instructions outlined in State v.Howard (1989), 42 Ohio St.3d 18, following the jury's announcement on two separate occasions that it was deadlocked. We disagree.
 {¶ 6} We first note that Alexander failed to object to the jury charge, therefore, we address this assignment under the plain error standard of review. An error not raised in the trial court must be plain error for an appellate court to reverse.State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, Alexander bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Long, supra. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 7} In Howard, supra, the Ohio Supreme Court held as follows:
"In place of the traditional Allen charge, we approve the following supplemental instruction: `The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict. In a large proportion of cases, absolute certainty cannot be attained or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others. You should consider it desirable that the case be decided. You are selected in the same manner, and from the same source, as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial, or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side. It is your duty to decide the case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, all jurors should reexamine their positions, given that a unanimous verdict has not been reached. Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath. Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors.'" (Internal citation omitted.)
 {¶ 8} In the instant case, the jurors sent the trial court a note that it was split, six for "guilty" and six for "not guilty." The court then advised the jurors to go to lunch, separate themselves from the case and from deliberations, and then return in the afternoon. Tr. at 217. When the jury returned from lunch, they sent another note explaining that they remained split. Tr. at 209. At this time, the trial court provided the jury with an additional instruction and asked that the jurors return to deliberations one more time. Tr. at 209.
 {¶ 9} A review of the transcript reveals that the trial court gave a virtual verbatim Howard jury instruction. In addition, the trial court went one step further and advised that,
"And I know that you've already sent me two notes, but I ask that you return and continue with your deliberations and see if that would serve a useful purpose. If you decide once again that you cannot agree and that further deliberations will not serve a useful purpose, you may ask to be returned to the courtroom and report that fact to the court, and we will take appropriate measures at that time."
Tr. at 211.
 {¶ 10} Shortly thereafter, the jury returned from deliberations with a guilty verdict. The trial court then referred Alexander to the probation department for a presentence investigation report, but continued to discuss the Howard
charge with both the prosecution and the defense. The court specifically asked defense counsel if the Howard charge was done without objection, to which defense counsel agreed. Tr. at 217-218.
 {¶ 11} Because of the trial court's clear compliance withHoward, supra, and the failure of this court to find any prejudice to Alexander by this instruction, we find that Alexander's first assignment of error lacks merit.
 {¶ 12} Since we find that the trial court did not err in failing to give the recommended Howard instruction, we find that Alexander's additional assertion of ineffective assistance of trial counsel for failure to object to this instruction also lacks merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Rocco, J., concur
 APPENDIX
ASSIGNMENTS OF ERROR
"I. TONY ALEXANDER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TOA TRIAL BEFORE A FAIR AND IMPARTIAL JURY BY THE TRIAL COURT'SIMPROPER JURY INSTRUCTIONS, GIVEN AFTER THE JURY ANNOUNCED IT WASDEADLOCKED.
II. TONY ALEXANDER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL COUNSEL'S FAILURE TO PRESERVE THE RECORD FOR APPEAL."